CITIZENS INSURANCE COMPANY OF AMERICA v DETLOFF

Docket No. 78-2348. Submitted February 7, 1979, at Lansing.—Decided April 2, 1979. Leave to appeal applied for.

Paula Detloff, a minor pedestrian, was injured when struck by a forklift on a public highway. Her father, Marvin Detloff, sought to recover benefits from his automobile insurer, Citizens Insurance Company of America. Citizens brought an action seeking a declaration that it was not liable to the Detloffs. Citizens moved for summary judgment and the Macomb Circuit Court, Edward J. Gallagher, J., denied the motion. Citizens appeals by leave granted, arguing that its policy of insurance incorporates all of the Michigan Insurance Code and that, despite the language of the policy, the code operates to relieve the insurer of liability because the forklift was not a vehicle required to be registered as a motor vehicle. *Held:*

Denial of the motion for summary judgment was proper. The definition of "motor vehicle" contained in the insurance policy includes the forklift. The language of the definition is identical to the statutory definition of a motor vehicle, thus there is no conflict with the statute. The insurer could have utilized the more limited language of another section of the statute but chose not to do so. There is no ambiguity in the policy.

Affirmed.

1. AUTOMOBILES — INSURANCE — MOTOR VEHICLE — DEFINITION — STATUTES.

An express definition of a "motor vehicle" contained in an insurance policy controls the question of whether a vehicle is a "motor vehicle" for purposes of the policy where the insurer chose to incorporate specific language from one portion of the controlling statute defining a "motor vehicle" in terms broader than those used in another portion of the statute (MCL 500.3101; MSA 24.13101).

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Automobile Insurance § 7.

Automobile liability insurance: operator's policies. 88 ALR2d 995.

[2] 7 Am Jur 2d, Automobile Insurance § 46.

2. INSURANCE — CONTRACTS — AMBIGUITIES.

    Ambiguities in a contract of insurance are to be construed against the author of the contract.

*Halsey, Halsey & Pommerening,* for plaintiff.

*Martin J. Smith,* for defendants.

Before: BASHARA, P.J., and V. J. BRENNAN and R. M. MAHER, JJ.

PER CURIAM. Citizens Insurance Company of America brought an action seeking a declaration that it was not liable to its insureds Marvin Detloff and Paula Detloff under either its contract of insurance or Chapter 31 of the Insurance Code of 1956 as amended, MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.* Its motion for summary judgment was denied and leave for interlocutory appeal was granted.

On or about June 4, 1976, the minor defendant Paula Detloff was a pedestrian on a public highway in Macomb County. She was struck and severely injured by a forklift which was being driven from one construction site to another. The forklift was owned by the Hajduk Construction Company and was not insured as a motor vehicle, was not registered with the Secretary of State, and carried no license plate. The forklift has four wheels and is powered by an internal combustion engine. It is conceded that the machine was being operated on a public highway at the time of the incident. Paula's father, defendant Martin Detloff, is the insured under a "no-fault" insurance policy issued by the plaintiff Citizens Insurance Company of America (Citizens).

The controversy arises out of the following language contained in the policy:

"The Company will pay in accordance with Chapter 31 of the Michigan Insurance Code to or on behalf of each eligible injured person or his dependent survivors, personal protection benefits consisting of

"(a) allowable expenses

"(b) work loss, and

"(c) survivor's loss

"as a result of the ownership, operation, maintenance, or use, including loading or unloading of a motor vehicle as a motor vehicle.

\* \* \*

" 'Motor vehicle' means a vehicle, including a trailer, operated or designed for operation upon a public highway by power other than muscular power which has more than two wheels."

MCL 500.3101; MSA 24.13101 provides in pertinent part as follows:

"Sec. 3101. (1) The owner or registrant *of a motor vehicle required to be registered in this state* shall maintain security for payment of benefits under personal protection insurance, property protection insurance, and residual liability insurance. Security shall be in effect continuously during the period of registration of the motor vehicle.

"(2) 'Motor vehicle' as used in this chapter, except for section 3103, means a vehicle, including a trailer, *operated or designed for operation upon a public highway* by power other than muscular power which has more than 2 wheels, but does not include a moped \* \* \* [citation omitted].

"(3) Security may be provided under a policy issued by an insurer duly authorized to transact business in this state which affords insurance for the payment of such benefits. A policy of insurance represented or sold as providing security shall be deemed to provide insurance for the payment of the benefits." (Emphasis supplied).

As can be seen the definition of "motor vehicle"

in the insurance contract is exactly that set forth in § 3101(2). Citizens does not argue that this language does not include the forklift for it had more than two wheels, was powered by an internal combustion engine, and was in fact being operated on a public highway when the accident occurred. Citizens, however, does argue that the insurance contract incorporates all of Chapter 31 of the Michigan Insurance Code and claims that § 3101(1) of Chapter 31 operates to relieve it of liability, despite the definition in its insurance contract, because the forklift is not required to be registered. We cannot agree.

There is no conflict between the contract of insurance and the above-quoted statute, nor does the reference to Chapter 31 create an ambiguity, as Citizens argues. Citizens was free to have incorporated the specific language of § 3101(1) into its definition of "motor vehicle", thus limiting the definition of "motor vehicle" to those vehicles requiring registrations. Citizens chose not to do so, instead incorporating the broader definition of § 3101(2). The express definition must control.

Assuming *arguendo* that, as Citizens contends, the phrase "the company will pay in accordance with Chapter 31 of the Michigan Insurance Code" incorporates the registered vehicle limitation of § 3101(1) and is not overridden by the inclusion of the express definition of "motor vehicle" drawn from § 3101(2), we would still be inclined to affirm the decision of the trial court. If such were the case a true ambiguity would exist.

However, when ambiguities exist in a contract of insurance they are to be construed against the author of the contract. *Dochod v Central Mutual Ins Co,* 81 Mich App 63; 264 NW2d 122 (1978), citing *Nickerson v Citizens Mutual Ins Co,* 393

Mich 324, 330; 224 NW2d 896 (1975), which set forth the principle that ambiguous language in an insurance contract was to be "strictly construed against the insurer".

We note that the trial court did not consider the language to be ambiguous. The motion for summary judgment asked for a decision based upon the contract as well as upon Chapter 31. The decision of the trial court based upon the contractual language was correct.

Affirmed. Costs to appellees.