APPERSON v CITIZENS MUTUAL INSURANCE COMPANY

Docket No. 67621. Submitted October 13, 1983, at Detroit.—Decided December 5, 1983.

Dempsey C. Apperson was injured when struck by a wheel which flew off a "street stock" vehicle during a race. Apperson's claim for no-fault personal injury protection benefits was denied by Citizens Mutual Insurance Company. Apperson then brought an action against Citizens in Wayne Circuit Court, which granted defendant's motion for summary judgment, Richard C. Kaufman, J. The trial court held that the "street stock" vehicles involved in the race were not "motor vehicles" within the meaning of the no-fault act. Plaintiff appealed. *Held:*

The vehicles involved in the race had been modified to such an extent that they were no longer "designed for operation upon a public highway" and therefore were not "motor vehicles" within the meaning of the statute. Therefore, because plaintiff's injuries were not caused by a "motor vehicle", the trial court correctly granted summary judgment to defendant.

Affirmed.

1. WORDS AND PHRASES — MOTOR VEHICLES — INSURANCE — AUTOMOBILES.

A "motor vehicle", for purposes of the no-fault insurance act, is a vehicle, including a trailer, operated or designed for operation upon a public highway by power other than muscular power, which has more than two wheels (MCL 500.3101[2][c]; MSA 24.13101[2][c]).

2. INSURANCE — NO-FAULT INSURANCE — MOTOR VEHICLES.

A vehicle which was originally designed for use upon public highways may be modified in such a manner that it loses its status as a "motor vehicle" under the no-fault insurance act (MCL 500.3101[2][c]; MSA 24.13101[2][c]).

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 7 Am Jur 2d, Automobile Insurance § 353.
    Validity and construction of "no fault" automobile insurance plans. 42 ALR3d 229.
[2] 7 Am Jur 2d, Automobile Insurance § 86.

*Bernstein & Bernstein* (by *Ronald J. Varga*), for plaintiff.

*Franklin, Petrulis & Lichty, P.C.* (by *Witold Sztykeil*), for defendant.

Before: MacKenzie, P.J., and Wahls and M. Warshawsky,* JJ.

M. Warshawsky, J. Plaintiff appeals as of right from the trial court's October 10, 1982, order granting summary judgment in favor of defendant pursuant to GCR 1963, 117.2(3).

On September 27, 1980, plaintiff was struck and seriously injured by a wheel which flew off a vehicle during a "street stock" car race at the Flat Rock Speedway. Plaintiff was a spectator in the pit area at the time the accident occurred. The vehicle which lost the wheel was never identified.

At the time of the injury, neither plaintiff nor any member of his family residing with him had coverage under any automobile insurance policy providing personal injury protection (PIP) benefits. Plaintiff's claim for PIP benefits was assigned to defendant through the no-fault assigned claims office. Defendant denied the claim and plaintiff filed this lawsuit. The trial court granted defendant's motion for summary judgment under GCR 1963, 117.2(3), finding that defendant was not liable under the no-fault act because the street stock vehicles involved in the race were not "motor vehicles" within the meaning of the act.

The sole issue is whether the street stock vehicles involved in the race are motor vehicles within § 3101(2)(c) of the no-fault act, MCL 500.3101(2)(c); MSA 24.13101(2)(c). That section provides in part:

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

" 'Motor vehicle' means a vehicle, including a trailer, operated or designed for operation upon a public highway by power other than muscular power which has more than 2 wheels."

In order to come within the above statute, the vehicle must (1) be operated or designed for operation upon a public highway, (2) be powered by a source other than muscular power, and (3) have more than two wheels.

In this case, it is apparent that requirements (2) and (3) are met, and that the street stocks were not being operated upon a public highway at the time the incident occurred. The only question is whether they were "designed for operation upon a public highway".

Plaintiff argues that the street stocks were simply automobiles with superficial racing modifications. Plaintiff strenuously asserts that the vehicles, being automobiles, were obviously designed for use upon public highways and that the racing modifications do not change the essence of their design. We do not agree.

Defendant has submitted two affidavits which indicate the extent of the modifications on the cars involved in the street stock race. The affidavit of Scott Schultz, public relations and advertising manager of the Flat Rock Speedway, states that street stock vehicles must have all outside lights and glass removed and must be equipped with only one seat and a full roll cage. Schultz's affidavit further avers that the street stocks involved in the race during which plaintiff was injured were without lights, windshield wipers, turn signals, and exhaust pipes. Defendant also submitted the affidavit of Carl Sprague, assistant starter of the race during which plaintiff was injured. Sprague's affidavit states that he observed the vehicle in ques-

tion lose a wheel, but did not see the wheel strike plaintiff. Sprague's affidavit avers that, pursuant to Automobile Racing Club of America rules, the vehicle in question had no lights, no turn signals, and no exhaust pipes. The affidavit further states that the vehicle involved had no outside mirror and, with the exception of the windshield, all glass was removed. Each of the affidavits submitted by defendant aver that street stocks are racing vehicles and are not intended to be operated upon public highways.

We believe it is entirely logical that a vehicle which was originally designed for use upon public highways can be modified to such a degree that it loses its status as a "motor vehicle" within § 3101(2)(c). See *Kelly v Inter-City Truck Lines, Inc,* 121 Mich 208, 210; 328 NW2d 406 (1982). We agree with the trial judge that the street stocks were not designed for use upon public highways and were therefore not motor vehicles.

Finally, we note that the authority cited by plaintiff is not applicable to the instant case. In *DAIIE v Irvine,* 92 Mich App 371; 284 NW2d 535 (1979), *lv den* 407 Mich 963 (1980), there was no indication that the automobiles involved in the "auto-cross" race had been modified in any way. In *Citizens Ins Co of America v Detloff,* 89 Mich App 429; 280 NW2d 555 (1979), *lv den* 407 Mich 864 (1979), the vehicle was being operated upon a public highway at the time of the injury and therefore fell within the express terms of the statutory definition of motor vehicle. Finally, we recognize the rule announced in *Lee v DAIIE,* 412 Mich 505; 315 NW2d 413 (1982). Our decision is based not upon the registration status of the vehicles, but upon our finding that the street stocks were not designed for operation upon public highways.

The trial court correctly granted summary judgment in favor of defendant.

Affirmed.