EBERNICKEL v STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

Docket No. 79139. Submitted February 14, 1985, at Detroit.—Decided
April 2, 1985. Leave to appeal applied for.

Plaintiff, Joseph S. Ebernickel, brought an action against defendant, State Farm Mutual Automobile Insurance Company, in the Wayne Circuit Court alleging unreasonable refusal to pay no-fault benefits. Plaintiff was injured while working for his employer, Michigan Boiler Company, at the Zug Island facility of the Great Lakes Steel Company. He was walking from one part of the job site to another when he was struck from behind by a hi-lo. He was on private property when the accident occurred. The court, Marianne Battani, J., granted summary judgment for defendant, holding that the hi-lo was not a motor vehicle for purposes of the no-fault act. Plaintiff appealed. *Held:*

Under the no-fault act, a motor vehicle is a vehicle, including a trailer, operated or designed for operation upon a public highway by power other than muscular power which has more than two wheels. A piece of industrial equipment, specifically a hi-lo, not designed primarily for operation on a public highway and not being operated upon a public highway at the time of the accident is not a "motor vehicle" within the meaning of the no-fault statute.

Affirmed.

INSURANCE — NO-FAULT INSURANCE — MOTOR VEHICLES — HI-LO.

A piece of industrial equipment, specifically a hi-lo, not designed primarily for operation on a public highway and not being operated upon a public highway at the time of the accident is not a "motor vehicle" within the meaning of the no-fault statute (MCL 500.3101[2][c]; MSA 24.13101[2][c]).

*Dice, Sweeney, Sullivan, Feikens, Hurbis & Foster, P.C.* (by *Jack E. Vander Male* and *Dennis J. Mendis*), for plaintiff.

REFERENCES FOR POINTS IN HEADNOTE

7 Am Jur 2d, Automobile Insurance § 353.
What constitutes a "motor vehicle" covered under no-fault insurance. 60 ALR3d 651.

*Eggenberger, Eggenberger, McKinney & Weber, P.C. (by William D. Eggenberger),* for defendant.

Before: V. J. BRENNAN, P.J., and CYNAR and J. W. FITZGERALD,* JJ.

PER CURIAM. Plaintiff filed suit alleging that defendant unreasonably refused to pay no-fault benefits. Defendant brought a motion for summary judgment pursuant to GCR 117.2(3). The motion was granted by an order dated June 21, 1984. Plaintiff appeals that order to this Court as of right.

Plaintiff alleges that he was injured while working for his employer, Michigan Boiler Company, at the Zug Island facility of the Great Lakes Steel Company. Plaintiff alleged he was walking from one part of the job site to another when he was struck from behind by a piece of equipment called a hi-lo. Plaintiff specifically alleged that he was on private property when the accident occurred. Deposition testimony shows that the hi-lo has four wheels, lights and an exhaust system. The horn on the hi-lo was not working at the time of the accident. The operator of the machine and a mechanic testified that the machine could be operated on a highway. The trial court ruled that the hi-lo was not a motor vehicle for the purposes of MCL 500.3101(2)(c); MSA 24.13101(2)(c). The trial court ruled that the defendant did not unreasonably deny plaintiff no-fault benefits.

The issue is whether the hi-lo was a motor vehicle within the scope of MCL 500.3101(2)(c); MSA 24.13101(2)(c). The statute states in pertinent part:

" 'Motor vehicle' means a vehicle, including a trailer,

_____

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment.

operated or designed for operation upon a public highway by power other than muscular power which has more than 2 wheels. Motor vehicle does not include a motorcycle or a moped, as defined in section 32b or Act No. 300 of the Public Acts of 1949."

In *Citizens Ins Co v Detloff,* 89 Mich 429; 280 NW2d 555 (1979), *lv den* 407 Mich 864 (1979), this Court interpreted an insurance contract which incorporated the exact words of the above-quoted statute. The Court concluded that the contract covered a forklift *operated* on a public highway as it was being driven from one job site to another. The case is distinguishable. In *Detloff* the forklift was operated on a public highway. Plaintiff here did not allege the forklift was operated on a public highway. Plaintiff's claim can only succeed if the hi-lo in question is found to be a motor vehicle since it was not alleged to have been operated on a public highway.

*Kelly v Inter-City Truck Lines, Inc,* 121 Mich App 208; 328 NW2d 406 (1982), is also inapplicable. It is clear that the semi-trailer in question in *Kelly* was intended to be operated primarily on public highways.

We believe that this case is most akin to *Apperson v Citizens Mutual Ins Co,* 130 Mich App 799; 344 NW2d 812 (1983). In *Apperson* this Court ruled that a car which had been modified for racing on a track was removed from the provisions of the no-fault act because the vehicle was no longer designed primarily for use on a public highway. In this case plaintiff has not alleged that the hi-lo was primarily designed for operation on a public highway. Plaintiff's claim that it could be so operated or had been previously so operated does not change our ruling. If the hi-lo was an item designed primarily for highway use, plaintiff

would have been covered. *Kelly, supra.* The allegations of plaintiff's complaint place him within neither of these categories. Defendant did not unreasonably deny plaintiff's claim. The trial court correctly granted summary judgment.

Affirmed.