JONES v EMPLOYERS INSURANCE OF WAUSAU

Docket No. 87440. Submitted May 8, 1986, at Grand Rapids. Decided January 21, 1987. Leave to appeal applied for.

Kenneth Jones, enclosed in a cage which had been raised by a forklift, was engaged in cutting metal away from the face of a building when the cage fell off the forklift. Jones sustained severe back injuries as a result of the fall. He filed suit against Employers Insurance of Wausau, his employer's no-fault insurer, and others in Muskegon Circuit Court alleging that his injuries arose out of the ownership, operation, maintenance or use of the forklift as a motor vehicle. The court, James M. Graves, Jr., J., granted summary judgment in Wausau's favor, ruling that as a matter of law the forklift truck is not a motor vehicle for purposes of the no-fault act. Plaintiff appealed.

The Court of Appeals *held:*

1. The forklift, although capable of being operated on a public highway, was not designed for use upon public highways. The forklift therefore is not a motor vehicle within the meaning of the no-fault act. Summary judgment in favor of Wausau was appropriate.

2. The trial court apparently granted summary judgment in favor of Wausau on the basis that plaintiff failed to state a claim upon which relief could be granted. Summary judgment would more properly have been granted on the basis that there was no genuine issue of material fact and that defendant was entitled to judgment as a matter of law. The trial court's order will not be disturbed on the basis that it granted summary judgment on the wrong ground, however, because it reached the right result.

Affirmed.

REFERENCES

Am Jur 2d, Appeal and Error §§ 727, 785.

Am Jur 2d, Automobile Insurance § 229.

What constitutes "motor vehicle" covered under no-fault insurance. 60 ALR3d 651.

See also the annotations in the Index to Annotations under Appeal and Error.

1. INSURANCE — NO-FAULT — FORKLIFTS — MOTOR VEHICLES.

   A forklift having one seat, no windshield, no windows, no doors, no turn signals, no backup lights, no headlights, no tail-lights, no speedometer, no odometer, only two gears and reaching a top speed of fifteen miles per hour is not designed primarily for use on a public highway and therefore is not a motor vehicle for purposes of the no-fault act (MCL 500.3101[2][c]; MSA 24.13101[2][c]).

2. APPEAL — RIGHT RESULT FOR WRONG REASON.

   A result reached by a trial court will not be disturbed on appeal where the court achieved the right result but assigned the wrong reason therefor.

*McCroskey, Feldman, Cochrane & Brock* (by *Robert O. Chessman*), for plaintiff.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *R. Curtiss Mabbitt*), for defendant.

Before: D. E. HOLBROOK, JR., P.J., and WAHLS and M. E. DODGE,* JJ.

D. E. HOLBROOK, JR., P.J. Plaintiff Kenneth Jones appeals as of right from the order entered in Muskegon Circuit Court granting defendant Employers Insurance of Wausau's motions for reconsideration and for summary judgment. We affirm.

On September 8, 1982, plaintiff was employed by William W. Kimmins & Son to cut metal away from the face of a building which Kimmins had contracted to dismantle. While performing the work plaintiff was enclosed in a cage which had been raised by a forklift. The cage and forklift were used in this way as a substitute for scaffolding to reach the metal on the building. Plaintiff sustained severe back injuries when the cage fell off the forklift and toppled twenty-five feet to the ground.

Plaintiff brought suit against Detroit Automobile

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Inter-Insurance Exchange, his no-fault insurer; Michigan Mutual Insurance Company, the insurer of the owner of the forklift, Wausau, the insurer of Kimmins; and the lessor of the forklift. Plaintiff alleged that his injuries arose out of the ownership, operation, maintenance or use of the forklift as a motor vehicle. MCL 500.3105(1); MSA 24.13105(1). DAIIE and Michigan Mutual were subsequently dismissed pursuant to their motions for summary judgment. Defendant Wausau filed a motion for summary judgment pursuant to GCR 1963, 117.2(1) and (3) which was initially denied. Subsequently, plaintiff was granted partial summary judgment against Wausau on the basis that the forklift constituted a motor vehicle within the meaning of MCL 500.3101(2)(c); MSA 24.13101(2)(c). Wausau moved for reconsideration of that order, which was granted, and summary judgment in Wausau's favor was entered on August 24, 1985.

On appeal, the issue is whether the forklift was a motor vehicle within the scope of MCL 500.3101(2)(c); MSA 24.13101(2)(c). That statute states in part: "(c) '[m]otor vehicle' means a vehicle, including a trailer, operated or designed for operation upon a public highway by power other than muscular power which has more than 2 wheels."

There is no dispute that the forklift at issue had four wheels, an engine and was self-propelled. Hence, with respect to those two requirements, the forklift fell within the classification of "motor vehicle." Cf., *Citizens Ins Co of America v Detloff,* 89 Mich App 429; 280 NW2d 555 (1979), lv den 407 Mich 864 (1979). On the other hand, there is no dispute that plaintiff's alleged injuries occurred while the forklift was being operated in the parking lot of the construction site and not on a public

highway. Hence, the dispute at issue is whether the forklift used to raise plaintiff's cage was designed for operation on a public highway. Plaintiff's claim can succeed only if the forklift is found to have been so designed.

In *Ebernickel v State Farm Mutual Automobile Ins Co,* 141 Mich App 729; 367 NW2d 444 (1985), lv den 422 Mich 971 (1985), the plaintiff was injured by a hi-lo while it was being operated on private property. This Court rejected the plaintiff's claim that, because the hi-lo could be operated on a public highway, it was a motor vehicle within the meaning of § 3101. Rather, the Court held that the hi-lo was not an item designed primarily for highway use and therefore was not within the meaning of "motor vehicle." *Ebernickel, supra,* 731-732.

Similarly, in *Apperson v Citizens Mutual Ins Co,* 130 Mich App 799; 344 NW2d 812 (1983), the plaintiff, a spectator at a "street stock" car race, was injured by a wheel which flew off a vehicle in the race. This Court ruled that cars which had been designed or modified for racing on a track were not designed for use upon public highways and therefore were not motor vehicles. *Apperson, supra,* 802.

We find *Ebernickel* and *Apperson* to be dispositive in the instant case. Although the forklift at issue could be operated on a public highway, it was not being operated on a public highway at the time of the accident. The ability to use the forklift on the highway does not indicate that it was "designed" for such use. See *McDaniel v Allstate Ins Co,* 145 Mich App 603, 608; 378 NW2d 488 (1985). Here, the forklift was not designed for use upon public highways. It had one seat and no windshield, no windows, no doors, no turn signals, no backup lights, no headlights and no taillights.

There was neither a speedometer nor an odometer. The forklift had only two gears — high and low. It reached a maximum speed of only fifteen miles per hour in high gear. Consequently, we conclude that the forklift was not a motor vehicle within MCL 500.3101(2)(c); MSA 24.13101(2)(c) and therefore summary judgment in defendant's favor was appropriate.

We note at this point that defendant's original motion for summary judgment, which was initially denied by the trial court, was brought pursuant to both GCR 1963, 117.2(1) and (3), now MCR 2.116(C)(8) and (10). In later granting defendant's motion for reconsideration and, consequently, defendant's motion for summary judgment, the trial court failed to specify upon which ground summary judgment was granted. It appears that summary judgment in defendant's favor was granted on the basis that plaintiff failed to state a claim upon which relief could be granted since the court ruled, as a matter of law, that the forklift truck was not a motor vehicle within the meaning of the statute. GCR 1963, 117.2(1). A motion under subrule (1) tests the legal basis of the complaint, not whether it can be factually supported. *Martin v Metropolitan Life Ins Co,* 140 Mich App 441, 447; 364 NW2d 348 (1985). The dispute at issue revolves not around the legal basis of plaintiff's complaint (plaintiff has stated a claim under the no-fault act) but, rather, whether there is factual support for plaintiff's claim that the forklift was designed for operation on a public highway. Here, it is undisputed that the forklift lacked the necessary accouterments which, if attached to the machine, could have qualified it as a vehicle "designed for use upon a public highway." Consequently, we believe that summary judgment would more properly have been granted on the basis that

there was no genuine issue of material fact and that defendant was entitled to judgment as a matter of law. GCR 1963, 117.2(3); *Rizzo v Kretschmer,* 389 Mich 363, 371-373; 207 NW2d 316 (1973); *Linebaugh v Berdish,* 144 Mich App 750, 753; 376 NW2d 400 (1985). However, we will not disturb the lower court's order on the basis that it granted summary judgment on the wrong ground where it reached the right result. *Warren v Howlett,* 148 Mich App 417, 426; 383 NW2d 636 (1986). We believe that neither party was misled. *Hankins v Elro Corp,* 149 Mich App 22, 26; 386 NW2d 163 (1986). We do, however, urge both the attorneys and the lower court in future matters to be conscious of and specify the court rules upon which motions are based and granted.

Affirmed. Costs to appellee.