COFFEY v STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY

Docket No. 93943. Submitted April 14, 1987, at Lansing. Decided
August 4, 1987.

John Coffey, a minor, was injured in an accident on a public road
while operating a four-wheeled engine-powered go-cart. He
brought an action in the Midland Circuit Court against State
Farm Mutual Automobile Insurance Company, his mother's
insurer, for personal injury protection benefits. The court,
Tyrone Gillespie, J., granted summary disposition in favor of
defendant on the ground that the go-cart was not a motor
vehicle under the no-fault act. Plaintiff appealed.

The Court of Appeals *held:*

A four-wheeled go-cart powered by an engine and operated
on a public highway at the time of an accident is a motor
vehicle under the no-fault act.

Reversed.

Insurance — No-Fault — Motor Vehicle — Go-Cart.

A four-wheeled go-cart powered by an engine and operated on a
public highway at the time of an accident is a motor vehicle
under the no-fault act (MCL 500.3101[2][c]; MSA 24.13101[2][c]).

*Leonard C. Battle,* for plaintiff.

*Fortino, Plaxton & Moskal* (by *Kenneth D. Plaxton*), for defendant.

Before: Cynar, P.J., and Shepherd and B. A.
Jasper,* JJ.

Per Curiam. Plaintiff appeals as of right from a

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

References

Am Jur 2d, Automobile Insurance §§ 232, 340 *et seq.*

What constitutes a "motor vehicle" covered under no-fault insurance. 60 ALR3d 651.

grant of defendant's motion for summary disposition and from a denial of plaintiff's motion for summary disposition.

On February 22, 1984, plaintiff was injured in an accident on a public road in Midland County. At the time, he was operating a four-wheel go-cart powered by a one-cyclinder, 2½ horsepower engine. Plaintiff, a minor at the time, was insured under two insurance policies issued by defendant to plaintiff's mother, Joanne Coffey. The policies included provisions for personal injury protection (PIP) benefits.

On January 7, 1986, defendant denied benefits to plaintiff, stating that, since plaintiff's vehicle was not a motor vehicle under the no-fault act, plaintiff was not entitled to PIP benefits. Plaintiff commenced this suit on January 9, 1986.

In response to plaintiff's request for admissions, dated February 27, 1986, defendant admitted the following:

> That on or about February 22, 1984, John Coffey sustained physical injuries while operating by power other than muscular power a vehicle with more than two wheels upon Olson Road, a public highway in Midland County, Michigan, which vehicle was not a motorcycle, nor moped, nor a farm tractor nor other implement of husbandry.

On March 31, 1986, plaintiff moved for summary disposition pursuant to MCR 2.116(C)(10), alleging that no genuine issue of material fact existed and that plaintiff was entitled to judgment as a matter of law. On April 15, 1986, defendant moved for summary disposition on the same ground. Defendant alleged in its motion that plaintiff's injuries arose from an incident not involving a motor vehicle as defined by the Michigan no-fault act.

Both motions for summary disposition were heard on April 25, 1986. The trial judge granted defendant's motion for summary disposition, holding that plaintiff's vehicle was not a motor vehicle under the Michigan no-fault act, MCL 500.3101(2)(c); MSA 24.13101(2)(c), and the defendant was therefore entitled to summary disposition. The summary disposition orders entered on July 8, 1986, granted defendant's motion for summary disposition and denied plaintiff's motion for summary disposition.

Plaintiff argues that the trial judge erred in granting summary disposition to defendant. We agree.

The trial judge granted summary disposition to defendants pursuant to MCR 2.116(C)(10) on the grounds that defendant was entitled to judgment as a matter of law since plaintiff's go-cart was not a motor vehicle under the Michigan no-fault act. We find, however, that plaintiff's go-cart did comply with the statutory definition of motor vehicle.

The no-fault act states:

"Motor vehicle" means a vehicle, including a trailer, *operated or designed for operation upon a public highway* by power other than muscular power which has more than 2 wheels. Motor vehicle does not include a motorcycle or a moped, as defined in section 32b of Act No. 300 of the Public Acts of 1949, being section 257.32b of the Michigan Compiled Laws. Motor vehicle does not include a farm tractor or other implement of husbandry which is not subject to the registration requirements of the Michigan vehicle code pursuant to section 216 of the Michigan vehicle code, Act No. 300 of the Public Acts of 1949, being section 257.216 of the Michigan Compiled Laws. [Emphasis added. MCL 500.3101(2)(c); MSA 24.13101(2)(c).]

The trial judge noted in his opinion that the

insurance policies issued by defendant incorporate the statutory definition of "motor vehicle" into the policy.

Plaintiff's go-cart did comply with the statutory definition of "motor vehicle." The trial court's opinion states that the plaintiff was operating a "4-wheel go-cart vehicle powered by a one-cyclinder, 2½ horsepower engine." Therefore, the requirements that the vehicle be "operated by power other than muscular power" and that it have more than two wheels were met. Additionally, the third requirement was also met; the vehicle was "operated or designed for operation on a public highway." The trial judge in his opinion states the uncontested fact that "[plaintiff] was injured in an accident on Olson Road, a public road in Midland County." The police report indicated that plaintiff was driving east in the westbound lane of the road. Therefore, the vehicle was being operated on a public highway. All of the statutory requirements were met to support a finding that the go-cart was a motor vehicle under the no-fault act.

The definition of "motor vehicle" has been the subject of several pertinent cases. In *Pioneer State Mutual Ins Co v Allstate Ins Co,* 417 Mich 590; 339 NW2d 470 (1983), the Supreme Court found, inter alia, that a farm tractor, when driven on a public highway, would qualify as a motor vehicle under § 3101(2)(c).[1] The Court stated:

> In this case the farm tractor was clearly a vehicle being operated upon a public highway by

[1] The holding in *Pioneer* interpreted the motor vehicle provision prior to the 1984 legislative amendment which excluded from the definition of motor vehicle "a farm tractor or other implement of husbandry which is not subject to the registration requirements of the Michigan vehicle code. . . ." However, this amendment specifically excepted only farm tractors or other implements of husbandry from the act; no other exceptions were made.

power other than muscular power at the time of the accident. Additionally, a farm tractor has more than two wheels and is not a motorcycle or a moped. [*Id.,* p 596.]

In *Citizens Ins Co of America v Detloff,* 89 Mich App 429; 280 NW2d 555 (1979), lv den 407 Mich 864 (1979), this Court noted that the parties did not contest that the forklift involved was a motor vehicle under the statute because it had four wheels, was powered by an internal combustion engine and was being operated on a public highway. Other cases have distinguished *Detloff* on this last factor.

In *Apperson v Citizens Mutual Ins Co,* 130 Mich App 799; 344 NW2d 812 (1983), this Court analyzed whether street stock cars used in car races fell within the motor vehicle provision of the no-fault act. After finding that the stock cars had not been operated on a public highway and were not designed for operation upon a public highway, the Court distinguished *Detloff.*

In *Citizens Ins Co of America v Detloff,* 89 Mich App 429; 280 NW2d 555 (1977), *lv den* 407 Mich 864 (1979), *the vehicle was being operated upon a public highway at the time of the injury and therefore fell within the express terms of the statutory definition of motor vehicle.* [Emphasis added. *Id.,* p 802.]

The holding in *Detloff* was similarly distinguished in *Ebernickel v State Farm Mutual Automobile Ins Co,* 141 Mich App 729; 367 NW2d 444 (1985), lv den 422 Mich 971 (1985), where the Court found that a "hi-lo" did not qualify as a motor vehicle:

[This] case is distinguishable [from *Detloff*]. In

*Detloff* the forklift was operated on a public highway. Plaintiff here did not allege the forklift was operated on a public highway. Plaintiff's *claim can only succeed if the hi-lo in question is found to be a motor vehicle since it was not alleged to have been operated on a public highway.* [Emphasis added. *Id.,* p 731.

In the instant case, it was conceded that the vehicle in question was operated on a public highway. Therefore, all of the requirements were met, and the trial judge did not have to analyze whether the go-cart was "designed for operation upon a public highway."

The trial judge also observed in his opinion that the go-cart was not a registered vehicle. However, the Michigan Supreme Court has held that the registration status of a vehicle is not relevant to whether or not it is a motor vehicle and thus covered by the statute. *Lee v DAIIE,* 412 Mich 505; 315 NW2d 413 (1982). In *Lee,* the Court determined that the plaintiff was entitled to personal protection insurance even though the vehicle involved was not required to be registered. The *Lee* Court stated:

We are not left to speculate about whether the Legislature intended the expression "motor vehicle" to mean a covered or registered or insured motor vehicle when it used those words as an expression of art throughout the statute. The meaning of that expression is explicitly set down in the definitional section of the act, § 3101(2) . . . .

Conspicuously absent is any language limiting "motor vehicle" to one required to be registered in the state or for which no-fault security must be maintained. [Footnote omitted. *Id.,* p 513.]

The trial court's grant of summary disposition to

defendant is reversed. Plaintiff not only seeks a reversal of the trial judge's grant of summary disposition to defendant but also requests that this Court reverse the trial judge's order which denied summary disposition to plaintiff. The trial judge determined that plaintiff was not entitled to summary disposition as a matter of law because he did not consider the go-cart to be a motor vehicle. It is not clear whether plaintiff is entitled to summary disposition even if the go-cart is considered a motor vehicle. Defendant argues that, if the go-cart is deemed a motor vehicle, plaintiff is prohibited from receiving personal protection benefits because of the exclusion in the no-fault act which does not permit a person who owns a motor vehicle involved in an accident to collect if the vehicle is not insured as required by subsections (3) and (4) of § 3101. The trial court did not reach this issue and it has not been adequately briefed for us to decide. Therefore, the trial court's grant of summary disposition to defendant is reversed and this case is remanded for further proceedings.

Reversed and remanded.