CITY OF SAGINAW v HARGROVE

Docket No. 96050. Submitted December 16, 1987, at Lansing. Decided
    March 31, 1988.

Joy L. Hargrove was elected to the Saginaw City Council for a
    four-year term beginning in November, 1983, and ending in
    November, 1987. In June, 1984, Hargrove, while still a member
    of the council, became a candidate for a seat on the Saginaw
    County Board of Commissioners. The City of Saginaw filed a
    quo warranto complaint in Saginaw Circuit Court against
    Hargrove, alleging that defendant was ineligible to continue on
    the city council based on a provision of the Saginaw City
    Charter which prohibited city officers or employees from being
    a candidate for an elective office or actually participating in
    partisan political activities, with the exception that a council-
    man may be a candidate to succeed himself. Hargrove filed an
    action in federal district court challenging the constitutionality
    of the city charter provision. The district court upheld the
    portion of the provision which forbade a public officer or
    employee from running for another elective office, but ruled
    unconstitutional that portion of the provision which forbade
    participation in partisan politics. The district court's decision
    was affirmed on appeal to the Sixth Circuit Court of Appeals.
    The City of Saginaw filed a motion for summary disposition in
    the circuit court, arguing that no issues of material fact existed
    and it was entitled to judgment as a matter of law and that
    defendant had failed to state a valid defense with her assertion
    that the selective enforcement of the charter provision at issue
    violated her equal protection rights. The trial court, Fred J.
    Borchard, J., granted the motion and entered a judgment
    holding that defendant was ineligible to continue her office as a
    member of the Saginaw City Council. A motion by defendant
    for "new trial" was treated by the trial court as a motion for
    reconsideration and denied. Defendant appealed.

    The Court of Appeals held:

    1. None of the other city officials who defendant claimed
    violated the charter provision by engaging in partisan political
    activities ran for an elective office while occupying another.
    Thus, these officials were not similarly situated as defendant
    and she, therefore, could not claim a violation of equal protec-

tion when the city took no action against them. Moreover, the federal district court had ruled that the prohibition of participation in partisan politics was unconstitutional.

2. The trial court did not abuse its discretion in denying defendant's motion for reconsideration since she failed to demonstrate that the parties or the court were laboring under any sort of palpable error at the time the motion for summary disposition was granted.

Affirmed.

*Hakim Ben Adjoua,* for defendant.

Before: H. HOOD, P.J., and SAWYER and T. E. JACKSON,* JJ.

PER CURIAM. Defendant Joy Hargrove appeals as of right from a circuit court judgment entered September 3, 1986, holding that she was ineligible to continue in office as a member of the Saginaw City Council after an unsuccessful candidacy for the Saginaw County Board of Commissioners. We affirm.

Defendant was a member of the Saginaw City Council for a four-year term beginning in November, 1983, and ending in November, 1987. In June, 1984, while still a council member, defendant became a candidate for the Saginaw County Board of Commissioners. Defendant lost the board of commissioners election held on November 6, 1984. Prior to the election, plaintiff, City of Saginaw, filed a quo warranto complaint against defendant. Plaintiff alleged that defendant was ineligible to continue on the city council due to her act of running for another public office while in office, contrary to the Saginaw City Charter, Ch 14, § 91.

No action, however, was taken on the complaint as a result of defendant's pending action in the federal district court on the constitutionality of

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

§ 91. Defendant had filed a declaratory judgment action in the federal district court in July, 1984, seeking a declaration that § 91 violated her rights under US Const, Ams I, V, and XIV.

On December 14, 1984, the federal district court upheld the constitutionality of the portion of § 91 which forbade a public officer or employee from running for another elective office while presently holding one, while ruling unconstitutional that portion of § 91 which forbade a public officer or employee from participating in partisan politics. By an opinion dated December 19, 1985, the Sixth Circuit affirmed the district court's judgment. Thus, on December 31, 1985, plaintiff renewed its effort in the circuit court to remove defendant from her city council seat.

On April 16, 1986, plaintiff filed a motion for summary disposition pursuant to MCR 2.116(C)(9) based on defendant's failure to answer the complaint. Defendant subsequently filed an answer and a counterclaim, and raised an equal protection claim as a defense to plaintiff's action. On May 28, 1986, plaintiff responded by filing another motion for summary disposition based on MCR 2.116(C)(8), (9) and (10).

On June 24, 1986, a hearing was held on plaintiff's motion. By an opinion dated August 15, 1986, and an order dated September 9, 1986, the circuit court granted summary disposition in favor of plaintiff and ruled that defendant was ineligible to continue in office as a member of the Saginaw City Council. On September 8, 1986, defendant filed a motion for "new trial." At the motion hearing held on September 22, 1986, the circuit court ruled that defendant's motion should be treated as a motion for reconsideration, and denied the motion.

On appeal, defendant contends that the circuit court erred in granting summary disposition in

favor of plaintiff based on her failure to state a valid defense. Defendant argues that there exists at least a factual question as to whether the city selectively enforced § 91 and, thus, violated defendant's equal protection rights. Defendant also argues that the circuit court "ignored" and refused to review her defense, and seeks a remand to the circuit court for an evidentiary hearing on her defense. Although the expiration of defendant's elected term in November, 1987, renders this issue technically moot, we choose to review it. See *Contesti v Attorney General,* 164 Mich App 271, 278; 416 NW2d 410 (1987).

We have reviewed the record and find no grounds for granting the relief sought. In this case, plaintiff sought to have defendant removed from her city council seat due to her candidacy in the 1984 board of commissioners election. Plaintiff relied on § 91 as support for defendant's removal. This provision states, in pertinent part:

> No officer or employee shall be a candidate for any elective office or a member of any committee or similar organization of any political party or participate actively in partisan politics, except that a councilman may be a candidate to succeed himself.

Defendant based her selective enforcement claim on the fact that, at or around the time that defendant ran for a seat on the board of commissioners, other city officials, such as the mayor and fellow councilmembers, engaged in partisan political activities which were expressly forbidden by § 91, but that no official action to oust them from their public offices was taken by plaintiff.

More specifically, the "partisan political activities" to which defendant refers included: (1) the

mayor's status as an alternate delegate for the 1984 Democratic National Convention; (2) the mayor's request for the use of city funds in 1984 to host a reception for presidential hopeful Jesse Jackson; (3) the mayor's attendance at a rally in support of Jesse Jackson's candidacy; (4) fellow city councilmember Lou Oates' position as the local campaign chairman for Jesse Jackson; and (5) other city councilmembers' partisan political activities, such as distributing political literature, joining political parties and attending political rallies.

However, defendant seems to have forgotten that the federal district court declared unconstitutional that portion of § 91 which forbade city officials and employees from participating in partisan politics, aside from running for an elective office. Thus, when one evaluates defendant's "selective enforcement" claim with this in mind, it is clear that defendant is unable to support her claim with solid evidence.

Indeed, none of the complained-of partisan political activities of defendant's fellow city officials rose to the level of running for an elective office while presently occupying another. Because none of the other city officials was similarly situated as defendant, she cannot base an equal protection claim on the city's treatment of them as compared to the treatment she received from the city after violating the constitutional portion of § 91. See *Iroquois Properties v East Lansing*, 160 Mich App 544, 553-554; 408 NW2d 495 (1987), lv den 429 Mich 884 (1987).

Plaintiff moved for summary disposition under both MCR 2.116(C)(9) and (10) on the issue of whether defendant's equal protection claim constituted a valid defense. The circuit court expressly considered this defense, and the city council min-

utes relied on by plaintiff in support of its motion under MCR 2.116(C)(10), in ruling on the motion. Defendant failed to oppose the motion with a showing that a genuine issue of material fact existed, and it is clear from the record that plaintiff was entitled to judgment as a matter of law as to defendant's equal protection claim. We, therefore, conclude that the circuit court correctly granted summary disposition in favor of plaintiff. See MCR 2.116(C)(10) and (I)(1); *Weeks v Bd of Trustees, City of Detroit General Retirement System,* 160 Mich App 81, 84; 408 NW2d 109 (1987), lv den 429 Mich 870 (1987); *Jones v Employers Ins of Wausau,* 157 Mich App 345, 349-350; 403 NW2d 130 (1987), lv den 428 Mich 899 (1987); *Lenart v DAIIE,* 156 Mich App 669, 674; 401 NW2d 900 (1986), lv den 428 Mich 917 (1987).

Although not specifically addressed by defendant, we also note that the circuit court did not abuse its discretion in denying defendant's motion for reconsideration. Defendant failed to demonstrate that the parties or the court were laboring under any sort of palpable error at the time the court granted plaintiff's motion for summary disposition. See MCR 2.119(F)(3), and *Charbeneau v Wayne Co General Hospital,* 158 Mich App 730, 733; 405 NW2d 151 (1987).

Affirmed.