GIVIDEN v BRISTOL WEST INSURANCE COMPANY

Docket Nos. 312082 and 312129. Submitted June 4, 2014, at Detroit. Decided June 17, 2014, at 9:00 a.m. Leave to appeal sought.

Stephen P. Gividen filed a claim with Farmers Insurance Exchange for personal protection insurance (PIP) benefits under the no-fault act, MCL 500.3101, for injuries he sustained when the off-road vehicle (ORV) he was driving collided with a Jeep driven by Brandon Northrup. Northrup's Jeep, which had been modified for off-road travel, was insured by a policy purchased in Texas from a Farmers agent that bore the names of the Bristol West Insurance Group and the Home State County Mutual Insurance Company. After Farmers denied Gividen's claim, the Assigned Claims Facility assigned Auto Club Insurance Association (ACIA) to handle the matter, and ACIA paid PIP benefits to Gividen. Gividen brought this action in the Wayne Circuit Court to determine the order of priority of Farmers, Home State, Bristol West and its related corporate entities, and ACIA for paying the PIP benefits he claimed. ACIA filed a cross-claim seeking reimbursement from the other defendants for the PIP benefits it had already paid and a determination that they were responsible for paying Gividen's PIP benefits in the future. After a hearing on the parties' motions for summary disposition, the court, Daphne Means Curtis, J., concluded that although neither the Jeep nor the ORV was a motor vehicle as defined by the no-fault act, the Jeep was a motor vehicle under the terms of Northrup's insurance policy. Therefore, the court ruled that Farmers, Bristol West, and Home State were jointly responsible for providing the PIP benefits to which Gividen was entitled under that policy. The court discharged ACIA from its obligation, ordered the remaining defendants to reimburse ACIA for $502,796.25, and dismissed ACIA from the case. In Docket No. 312082, Gividen appealed the order of judgment that partially denied his motion for summary disposition on the ground that the Jeep was not a motor vehicle for purposes of the no-fault act as a matter of law, and in Docket No. 312129, the Bristol West defendants appealed the same order. The cases were consolidated for appeal.

The Court of Appeals *held*:

1. The trial court did not err by ruling, as a matter of law, that the Jeep was not a motor vehicle for purposes of the no-fault act

because the undisputed evidence established that the Jeep had been modified to the extent that it was no longer designed for operation on a public highway.

2. The trial court erred by concluding that Northrup's insurance policy obligated any of the insurers to pay no-fault PIP benefits to Gividen. Given that ORVs are statutorily excluded from no-fault coverage by MCL 500.3101(2)(e), the fact that the insurance policy did not expressly exclude ORVs is irrelevant.

3. The trial court erred by concluding that Gividen was entitled to no-fault PIP benefits under the out-of-state coverage clause in Northrup's insurance policy. The out-of-state coverage clause provided coverage for the minimum amount of no-fault insurance required in Michigan if the insured was legally responsible for such coverage. However, because the Jeep was not a motor vehicle for the purposes of the no-fault act, the collision was not an auto accident to which the policy applied.

4. The Bristol West defendants were not estopped from arguing that the Jeep was not a motor vehicle, despite the fact that they initially denied Gividen's claim on another basis, because estoppel is not available to broaden the coverage of a policy to protect the insured against risks not included therein or expressly excluded therefrom.

Judgment vacated; case remanded for entry of an order consistent with this opinion.

INSURANCE — NO-FAULT — MOTOR VEHICLES — MODIFICATIONS FOR OFF-ROAD TRAVEL.

A motor vehicle that has been modified for off-road travel to the extent that it is no longer designed for operation on a public highway does not qualify as a motor vehicle for purposes of the no-fault act, MCL 500.3101 *et seq.*

*Logeman, Iafrate & Logeman, PC* (by *James A. Iafrate*), for Steven P. Gividen.

*Worsfold Macfarlane McDonald, PLLC* (by *David M. Pierangeli*), for Bristol West Insurance Co. and others in Docket No. 312082.

*Cory, Knight & Bennett* (by *Patrick W. Bennett*) for Bristol West Insurance Co. and others in Docket No. 312129.

*Hom, Killeen, Siefer, Arene & Hoehn* (by *Elaine I. Harding*), and *John A. Lydick*, of counsel, for Auto Club Insurance Association.

Before: WILDER, P.J., and SAAD and K. F. KELLY, JJ.

WILDER, P.J. This case arises from a collision between an off-road vehicle (ORV) driven by plaintiff Steven P. Gividen and a modified 1976 Jeep driven by Brandon Northrup, who is not a party to this lawsuit. In Docket No. 312082, plaintiff appeals as of right the trial court's order of judgment, which granted in part and denied in part the motions for summary disposition filed by plaintiff and by defendants/cross-defendants Bristol West Insurance Company, Bristol West Preferred Insurance Company, Farmers Insurance Exchange, and Home State County Mutual Insurance Company (the Bristol West defendants) and entered judgment in favor of defendant/cross-plaintiff Auto Club Insurance Association (ACIA) in the amount of $502,796.25. In Docket No. 312129, the Bristol West defendants appeal as of right the same order of judgment. We vacate the judgment and remand for proceedings consistent with this opinion.

I

Plaintiff was seriously and permanently injured when the ORV he was operating collided with the modified Jeep driven by Brandon Northrup. At the time of the accident, plaintiff was not covered by a no-fault insurance policy and did not reside with a relative with no-fault coverage. Northrup's Jeep was insured by a policy purchased in Texas. The cover page of the policy stated that the policy was a Texas personal auto policy, listed the names Bristol West Insurance Group and

Home State County Mutual Insurance Company, and stated that the policy was administered by Coast National General Agency, Inc. Northrup testified in his deposition that the policy was issued through a Farmers Insurance Company agent and that he thought he had insurance coverage from Farmers.

Plaintiff filed a claim with Farmers for personal protection insurance (PIP) benefits under the no-fault act, which Farmers denied. Thereafter, plaintiff filed a no-fault claim with the Assigned Claims Facility, which assigned defendant ACIA to handle the claim. ACIA paid PIP benefits to plaintiff. This lawsuit followed.

## II

### A

In Docket No. 312082, plaintiff argues that the trial court erred by finding, as a matter of law, that the Jeep was not a "motor vehicle" for the purposes of Michigan's no-fault act, MCL 500.3101 *et seq*. We disagree.

This Court reviews a trial court's decision regarding a motion for summary disposition de novo. *Coblentz v City of Novi*, 475 Mich 558, 567; 719 NW2d 73 (2006). A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a claim. *Urbain v Beierling*, 301 Mich App 114, 122; 835 NW2d 455 (2013). A motion for summary disposition under MCR 2.116(C)(10) should be granted if the pleadings, affidavits, and other documentary evidence, when viewed in a light most favorable to the nonmovant, show that there is no genuine issue with respect to any material fact. *Id.*; see MCR 2.116(G)(3) and (4).

Under MCL 500.3105(1), "an insurer is liable to pay benefits for accidental bodily injury arising out of the

ownership, operation, maintenance or use of a motor vehicle as a motor vehicle . . . ." A "motor vehicle" is defined as

> a vehicle, including a trailer, operated or designed for operation upon a public highway by power other than muscular power which has more than 2 wheels. Motor vehicle does not include a motorcycle or a moped, as defined in section 32b of the Michigan vehicle code, 1949 PA 300, MCL 257.32b. Motor vehicle does not include a farm tractor or other implement of husbandry which is not subject to the registration requirements of the Michigan vehicle code pursuant to section 216 of the Michigan vehicle code, 1949 PA 300, MCL 257.216. Motor vehicle does not include an ORV. [MCL 500.3101(2)(e).]

In this case, the undisputed evidence regarding the modifications made to the Jeep make it apparent that the Jeep had been rendered an ORV. For example, Northrup testified that at the time of the accident, the headlights, taillights, turn signals, speedometer, and odometer on the Jeep were not "hooked up." The original metal shell had been removed from the Jeep and replaced with a fiberglass shell and, except for the steering column, ignition, and brakes, the wiring had not been reconnected. In addition, the Jeep did not have doors or a rearview mirror. Finally, the Jeep was equipped with a roll bar and had expensive tires that were impractical for driving on a paved road because the tires would have been torn up and provided a "bumpy" ride. Because this evidence established that the Jeep had been modified to the extent that it was no longer "designed for operation upon a public highway," the Jeep did not qualify as a "motor vehicle" under the no-fault act at the time of the accident. See *Schoenith v Auto Club of Mich*, 161 Mich App 232; 409 NW2d 795 (1987); *Apperson v Citizens Mut Ins Co*, 130 Mich App 799; 344 NW2d 812 (1983).

We therefore find no error in the trial court's conclusion that there existed no genuine issue of material fact regarding whether the Jeep was a "motor vehicle" under MCL 500.3101(2)(e).[1] Consequently, plaintiff was not entitled to PIP benefits arising out of the ownership, operation, maintenance or use of the Jeep under the no-fault act.[2]

B

In Docket No. 312129, the Bristol West defendants first argue that the trial court erred by concluding that, despite the fact that the Jeep was not a "motor vehicle" under Michigan's no-fault act, plaintiff was nevertheless entitled to Michigan no-fault PIP benefits under the language of the insurance policy at issue. We agree that the trial court erred by concluding that the policy obligated any of the insurers to pay no-fault PIP benefits to plaintiff.

The trial court concluded that plaintiff was entitled to no-fault PIP benefits under the policy because the policy language, broadly construed, permitted the term "motor vehicle" to be defined in a way that did not exclude ORVs. We disagree.

---

[1] The fact that the Jeep is not a motor vehicle distinguishes this case from *Farm Bureau Ins Co v Allstate Ins Co*, 233 Mich App 38, 41; 592 NW2d 395 (1998) (insurer did not violate Michigan law by issuing an Indiana insurance policy to the insured because there was no evidence the insurer knew or should have known the insured was a Michigan resident). Had we found the Jeep to be a motor vehicle, this would have been a more difficult case.

[2] That the Assigned Claims Facility assigned ACIA to handle plaintiff's claim did not prove to the contrary that plaintiff was entitled to no-fault benefits arising out of the ownership, operation, maintenance or use of the Jeep. The Assigned Claims Facility will only deny "an obviously ineligible claim." MCL 500.3173a. And as ACIA argued on appeal, it mistakenly paid no-fault benefits before learning that the Jeep had been modified to the extent that it was no longer designed for operation on a public highway.

The policy did not define "motor vehicle." Instead, the policy defined "your covered auto" to include "any vehicle shown in the declarations" and "a private passenger auto." The policy's definition of "your covered auto" has no relation to the term "motor vehicle" as defined in the Michigan no-fault act. Had the parties intended to insure the Jeep as a motor vehicle under the no-fault act, they would have contracted for PIP benefits, which are required by the act. See MCL 500.3101 *et seq.* The declaration page contains no such benefits. The Bristol West defendants correctly argue that, because ORVs are statutorily excluded from no-fault coverage by MCL 500.3101(2)(e), the mere fact that the policy did not expressly exclude ORVs is irrelevant. Because the trial court properly determined that the Jeep was not a "motor vehicle" under the no-fault act, plaintiff was not entitled to Michigan no-fault PIP benefits based on the policy definition of "your covered auto."

C

The trial court further concluded that plaintiff was entitled to no-fault PIP benefits under the out-of-state coverage clause in the policy. We disagree.

Under the liability coverage in the policy, the insurer promised to "pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident." If the accident occurred out of state, the insurer would "interpret [the] policy for that accident as follows:"

If the state or province has:

1. A financial responsibility or similar law specifying limits of liability for bodily injury or property damage higher than the limit shown . . . your policy will provide the higher limit.

2. A compulsory insurance or similar law requiring nonresident to maintain insurance whenever the nonresident uses a vehicle in that state or province, your policy will provide at least the required minimum amounts and types of coverage.[3]

Thus, the out-of-state coverage provision provided coverage for the minimum amount of no-fault insurance required in Michigan *if* the insured was legally responsible for such coverage. Because the Jeep was not a "motor vehicle" for the purposes of the Michigan no-fault act, however, the collision between plaintiff and Northrup was not "an auto accident to which this policy applies," and plaintiff was not entitled to PIP benefits under the out-of-state coverage language in the policy. Therefore, the trial court erred by ruling that plaintiff was entitled to Michigan no-fault PIP benefits under the out-of-state coverage provision.

D

Plaintiff further argues that the Bristol West defendants are estopped from arguing that the Jeep was not a "motor vehicle" because they initially denied the claim on another basis and only raised the defense that the Jeep was not a "motor vehicle" after the lawsuit was filed. "Generally, once an insurance company has denied coverage to its insured and stated its defenses, the insurer has waived or is estopped from raising new defenses." *Mich Twp Participating Plan v Fed Ins Co*, 233 Mich App 422, 436; 592 NW2d 760 (1999). However, this Court has stated that waiver and estoppel " 'are not available to broaden the coverage of a policy so as to protect the insured against risks not included therein or

---

[3] The policies appended to the parties' appellate briefs differ slightly; however, the quoted language is common to both and the differences do not affect our analysis.

expressly excluded therefrom.' " *Lee v Evergreen Regency Coop*, 151 Mich App 281, 285; 390 NW2d 183 (1986), quoting 1 ALR 3d 1139, 1144. As evidenced by the declarations page of the policy, the Bristol West defendants did not agree to pay PIP benefits, and neither the policy's coverage of the "covered auto" nor the out-of-state coverage provision constituted coverage for a "motor vehicle" under Michigan's no-fault act. Furthermore, the denial letter from Farmers expressly reserved "all of its rights and defenses pursuant to the no-fault law and the policy." Under these circumstances, we conclude that the Bristol West defendants are not estopped from arguing that the Jeep was not a "motor vehicle" under the no-fault act.

### III

The trial court did not err by concluding as a matter of law that the modified Jeep was not a "motor vehicle" as defined in the no-fault statute but was an ORV. The trial court erred, however, by concluding that plaintiff was entitled to no-fault PIP benefits under the out-of-state coverage portion of the insurance policy. Therefore, the trial court erred by granting in part plaintiff's motion for summary disposition because plaintiff was not entitled to no-fault PIP benefits.

The trial court also erred by partially denying the Bristol West defendants' motion for summary disposition brought on the ground that no PIP benefits were owed to plaintiff because the Jeep was not a "motor vehicle." Furthermore, the trial court erred by granting ACIA's motion for summary disposition on its claim for reimbursement from the Bristol West defendants and in entering judgment for ACIA.

The trial court's order of judgment is vacated. This matter is remanded for entry of an order consistent

with this opinion. We do not retain jurisdiction. Having prevailed in full, the Bristol West defendants may tax costs pursuant to MCR 7.219.

SAAD and K. F. KELLY, JJ., concurred with WILDER, P.J.