ROGAN v MORTON

Docket No. 89715. Submitted February 10, 1988, at Detroit. Decided April 4, 1988.

Plaintiff, Terry Rogan, built a house with materials supplied by Miles Homes Division of Insilco Corporation. Plaintiff insured the house with defendant Allstate Insurance Company, through its agent, defendant Curtis K. Morton, listing Miles Homes as mortgagee. The house was thereafter destroyed by fire. Allstate denied plaintiff's claim because of alleged misrepresentations in the application for insurance. Plaintiff then filed suit in the Macomb Circuit Court against defendants. Miles Homes intervened as a plaintiff. Defendants then brought a third-party claim against third-party defendant, Home Insurance Company, after discovering that Miles Homes had a builder's risk policy on the property through Home Insurance Company. The third-party defendant moved for an accelerated judgment alleging that its policy provided only for excess coverage, if there was primary insurance coverage. The trial court, Kathleen Jansen, J., granted the third-party defendant's motion as a motion for summary disposition. Allstate's motion for rehearing was denied. Allstate appealed.

The Court of Appeals *held:*

It was not error to dismiss Allstate's claim with prejudice. The trial court properly looked to the provisions of the insurance contracts to determine intent. The trial court correctly determined that Home Insurance Company had no duty or obligation to indemnify Allstate for Allstate's obligation to its insured, Rogan. Home Insurance had no duty or obligation to protect Rogan against loss. Here, there were two separate insureds protected against two distinct losses. The trial court

REFERENCES

Am Jur 2d, Insurance §§ 1270 *et seq.;* Parties § 30.

What constitutes "other insurance" within meaning of insurance policy provisions prohibiting insured from obtaining other insurance on same property. 7 ALR 4th 494.

See also the annotations in the Index to Annotations under Insurance and Insurance Companies; Parties.

correctly found that Allstate has no cause of action against Home Insurance Company.

Affirmed.

1. PARTIES — STANDING.

The purpose of standing requirements is to ensure that only those who have a substantial interest will be allowed to come into court and complain; the question is whether the party whose standing is challenged is a proper party to request an adjudication of a particular issue, and not whether the issue itself is justiciable or the case has merit; a party, to have standing, must merely show a substantial interest and a personal stake in the outcome of the controversy.

2. INSURANCE — "OTHER INSURANCE" CLAUSES.

Two trends have evolved in resolving conflicts which arise when two or more insurance policies covering the same risk contain various combinations of "other insurance" provisions; the majority rule attempts to reconcile the competing provisions by discerning the parties' intent through analysis of the clauses; the minority rule deems the provisions mutually repugnant, rejects both clauses and prorates the liability.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *Robert G. Kamenec*), for Curtis Morton and Allstate Insurance Company.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Michael L. Updike*), for Home Insurance Company.

Before: M. J. KELLY, P.J., and H. HOOD and M. WARSHAWSKY,* JJ.

M. J. KELLY, P.J. Defendants, third-party-plaintiffs, appeal by leave granted from the lower court order granting the third-party defendant's motion for summary disposition. We affirm.

Plaintiff, Terry Rogan, built a house with materials supplied by Miles Homes Division of Insilco Corporation. When Rogan insured the house with

* Circuit judge, sitting on the Court of Appeals by assignment.

defendant Allstate Insurance Company in 1982, Miles Homes was listed as mortgagee. The house was insured for $95,000 and the contents for $47,500. On May 7, 1982, the house and its contents were destroyed by fire. Allstate denied Rogan's claim because of alleged misrepresentations in the application for insurance coverage.

Consequently, Rogan filed suit against Allstate and its agent, Curtis K. Morton. Miles Homes intervened as plaintiff in the litigation, claiming it was entitled to the amount it was owed as mortgagee, either directly from Rogan or from Allstate if Allstate was found liable.

Eventually, Allstate discovered that Miles Homes had a builder's risk policy on the property through the Home Insurance Company for $100,000. Allstate then sought and received permission to bring its third-party claim, adding Home Insurance Company as a third-party defendant. Home Insurance Company moved for accelerated judgment pursuant to GCR 1963, 116.1(3), claiming that its policy with Miles Homes provided only excess coverage, if there was primary insurance coverage; that the policy provided no protection or coverage to any individual, business, corporation or entity other than Miles Homes; that the insurance contract included no provision obligating it to make contribution or indemnification; and that the policy provided that if the insured or an interested party (Rogan) had other applicable insurance that insurance would be primary and the Home Insurance Company coverage of the property would be limited to excess coverage over and above the primary coverage.

On September 12, 1985, the trial court held that the insurance policy issued to Miles Homes by the Home Insurance Company did not expressly provide for indemnification and clearly and unambig-

uously stated that it was an excess coverage policy. The trial court concluded that Allstate had no cause of action against the third-party defendant and granted Home Insurance Company's motion for summary disposition pursuant to MCR 2.116(C)(5). Allstate's motion for rehearing was subsequently denied. This appeal is limited to whether the trial court correctly denied Allstate's motion for rehearing.

On appeal, Allstate argues that it has standing to bring its third-party claim against Home Insurance Company since there is alleged "competing coverage" by the respective parties. Alternatively, Allstate argues that, if it lacked standing, the trial court erred in dismissing its claim with prejudice.

Home Insurance Company, in its motion, argued that Allstate lacked standing or the capacity to sue. The purpose of standing requirements is to ensure that only those who have a substantial interest will be allowed to come into court and complain. *White Lake Improvement Ass'n v Whitehall,* 22 Mich App 262, 273; 177 NW2d 473 (1970). The question is whether the party whose standing is challenged is a proper party to request an adjudication of a particular issue, and not whether the issue itself is justiciable. *Id.* at 273, n 13. Standing in no way depends on the merits of the case. *Warth v Seldin,* 422 US 490, 500; 95 S Ct 2197; 45 L Ed 2d 343 (1975). In order to have standing, a party must merely show a substantial interest and a personal stake in the outcome of the controversy. Allstate meets these requirements.

However, while it is true that Home Insurance Company, in its motion for accelerated judgment, asserted that Allstate lacked standing or legal capacity to sue, the opinion of the trial court reflected that its order was not based on a lack of standing. Since the new court rules were in effect

by the time the motion was heard, the trial court reviewed the motion as one for summary disposition pursuant to MCR 2.116(C)(5), lack of capacity to sue, and stated that all well-pled allegations were accepted as true. Accepting all well-pled allegations as true, the trial court concluded:

> Since the insurance policy issued to Miles Homes by Home Insurance does not expressly provide for indemnification and it clearly and unambiguously states that it is an excess coverage policy, third-party plaintiffs, Allstate and Morton have no cause of action against third-party defendant, Home Insurance Company.
>
> Therefore, third-party defendant, Home Insurance Company's motion for summary disposition is GRANTED.

Based on this holding, we do not see standing as an issue in this appeal. This was a finding on the merits. Consequently, it was not error for the trial court to dismiss Allstate's claim with prejudice.

Allstate also challenges the trial court's conclusion that the Home Insurance policy was solely an excess coverage policy and that third-party plaintiffs were the primary insurers for the fire loss. Allstate argues that the proper treatment of a conflict between "other insurance clauses," such as it claims was present here, is to declare such clauses repugnant, reject them in toto, and prorate each insurer's liability.

The pertinent part of the Allstate insurance policy with Rogan on the house provides:

> 10. Other Insurance: Other insurance covering the described dwelling building (except insurance against perils not covered by this policy) is not permitted.
> 11. Apportionment:

(a) Loss by fire or other perils not provided for in 11(b) below: Allstate shall not be liable for a greater proportion of any loss from any peril or perils included in this policy than (1) the amount of insurance under this policy bears to the whole amount of fire insurance covering the property, or which would have covered the property except for the existence of this insurance, whether collectible or not, and whether or not such other fire insurance covers against the additional peril or perils insured hereunder: nor (2) for a greater proportion of any loss than the amount hereby insured bears to all insurance whether collectible or not, covering in any manner such loss, or which would have covered such loss except for the existence of this insurance.

The pertinent part of the Home Insurance policy with Miles Homes on the property provides:

LIMITS OF LIABILITY

VIII. It is a condition of this policy that at time of loss or damage if there is available to the Named Insured or any other interested party any other insurance which would apply that insurance shall be considered primary coverage and this policy shall be excess over and above the primary coverage.

In *Federal Kemper Ins Co, Inc v Health Ins Administration, Inc,* 424 Mich 537; 383 NW2d 590 (1986), the Supreme Court found three basic types of "other insurance" provisions in insurance contracts: (1) "pro rata," (2) "escape" or "no liability," and (3) "excess." Disputes arise when two or more insurance policies covering the same risk contain various combinations of these provisions. *Federal Kemper,* 542. The Court noted that two trends have evolved in resolving these conflicts. The majority rule attempts to reconcile the competing

provisions by discerning the parties' intent through analysis of the clauses. The minority rule deems the provisions "mutually repugnant," rejects both clauses and prorates the liability. *Federal Kemper,* 543.

The *Federal Kemper* Court found that two Court of Appeals cases, which Allstate relies on, have taken the minority approach: *Farm Bureau Mutual Ins Co v Horace Mann Ins Co,* 131 Mich App 98; 345 NW2d 655 (1983), lv den 419 Mich 880 (1984), and *Mary Free Bed Hospital & Rehabilitation Center v Ins Co of North America,* 131 Mich App 105; 345 NW2d 658 (1983), lv den 419 Mich 943 (1984). The Supreme Court in *Federal Kemper* noted that neither of these cases involved no-fault insurance as did the facts in *Federal Kemper* and, therefore, the Supreme Court expressed no opinion as to the current viability of these decisions.

In its opinion the trial court here followed the majority rule and looked to the provisions of the contracts to determine intent. Allstate, to the contrary, relying on *Farm Bureau* and *Mary Free Bed,* contends that the minority rule is the proper application in Michigan.

We find that both *Farm Bureau* and *Mary Free Bed* are distinguishable from the case at bar. In both those cases, the named insured was the same person on both policies and insured against the same risk. Had one policy not been in effect, the insured would have collected fully from the other insurer. Here, Allstate and Home Insurance did not insure the same person or the same risk. Allstate insured Rogan for fire loss on his house and contents and Home Insurance insured Miles Homes for its interest in the material supplied to Rogan.

If Rogan did not have the Allstate policy (or any other policy) on his home, Miles Homes would

have collected from Home Insurance Company for the amount of its interest in the materials lost and Rogan would have collected nothing. If Miles Homes' loss had been greater than the amount that Allstate was obligated to pay, Home Insurance would have paid Miles Homes the excess. Home Insurance did not insure Rogan's house and did not have any legal obligation or connection with Rogan. The Home Insurance policy would not cover the loss of the Rogan house. The Home Insurance policy had an obligation to Miles Homes for its interest in the materials but only if no other insurance existed to protect Miles Homes' interest. In this case, other insurance did exist which protected Miles Homes. Whether or not Miles Homes had other coverage, it still was the named mortgagee on Rogan's policy with Allstate. The insurance contract that Allstate issued provided that the mortgagee was to have its interest paid off prior to the mortgagor receiving any monies.

This is not a case of one insured having coverage for the same loss with two insurance companies where each insurance company is attempting to make the other liable for a loss for which both have contracted to pay. The trial court correctly determined that Home Insurance Company had no duty or obligation to indemnify Allstate for Allstate's obligation to its insured, Rogan. Home Insurance had no duty or obligation to protect Rogan against loss. This case is more than just a matter of conflicting provisions and two policies which protect the same person against the same risk. *Federal Kemper, supra* at 542. Here, there are two separate insureds protected against two distinct losses. This is a situation where the majority rule

should be followed. For that reason we affirm the decision of the trial court that Allstate has no cause of action against Home Insurance Company.

Affirmed.