JONES v CONTINENTAL CASUALTY COMPANY

Docket No. 119665. Submitted November 6, 1990, at Lansing. Decided January 2, 1991, at 9:00 A.M.

Arthur Jones was injured when the motorcycle he was operating collided with a construction vehicle insured by Continental Casualty Company. Jones brought an action in Ingham Circuit Court against Continental for payment of personal protection benefits under the no-fault act. The court, James T. Kallman, J., denied the plaintiff's motion for summary disposition and entered a judgment in favor of the insurer, holding that the vehicle in question was not a motor vehicle within the meaning of the no-fault act because it was not designed for operation upon a public highway and that, because the vehicle was exempt from registration under the Vehicle Code, the owner of the vehicle was exempt from maintaining no-fault insurance. The plaintiff appealed.

The Court of Appeals *held:*

1. Because the vehicle was being operated on a public highway at the time of the accident, the definition of a motor vehicle under the no-fault act was met even if the vehicle was not designed to be operated on a public highway.

2. The registration status of a vehicle is not relevant in determining whether the vehicle is a motor vehicle within the meaning of the no-fault act. The Legislature's exclusion from the no-fault act's definition of a motor vehicle of farm vehicles not subject to registration under the Vehicle Code was clearly limited to farm vehicles and is not applicable to the construction vehicle at issue.

Reversed and remanded.

1. INSURANCE — NO-FAULT — MOTOR VEHICLES — USE OF VEHICLES.

A vehicle that is operated on a public highway is a motor vehicle for purposes of the no-fault act, regardless of whether it was designed for operation on a public highway (MCL 500.3101[2][c]; MSA 24.13101[2][c]).

REFERENCES

Am Jur 2d, Automobile Insurance § 353.

What constitutes "motor vehicle" for purposes of no-fault insurance. 73 ALR4th 1053.

2. INSURANCE — NO-FAULT — MOTOR VEHICLES — REGISTRATION OF
     VEHICLES.
     Exemption of a vehicle from registration under the Vehicle Code
     is not relevant in determining whether it is a motor vehicle for
     purposes of the no-fault act (MCL 257.62, 257.216[b], [d],
     500.3101[2][c]; MSA 9.1862, 9.1916[b], [d], 24.13101[2][c]).

*Dunnings & Frawley, P.C.* (by *Stuart J. Dunnings, Jr.*), for the plaintiff.

*Plunkett & Cooney, P.C.* (by *Deanna E. Hazen*), for the defendant.

Before: CYNAR, P.J., and GILLIS and WEAVER, JJ.

PER CURIAM. Plaintiff was injured in a collision between the motorcycle he was operating and a construction vehicle insured by defendant. He filed suit, claiming personal protection benefits under the no-fault insurance act, MCL 500.3105; MSA 24.13105. Plaintiff now appeals as of right from an order denying his motion for summary disposition and entering judgment in favor of defendant. We reverse and remand.

The trial judge ruled that plaintiff was not entitled to personal protection benefits under § 3105 because the vehicle insured by defendant was not a "motor vehicle" within the meaning of the statute. Plaintiff is before us claiming that the court erred in ruling that the wheel loader was not a "motor vehicle."

The definition of "motor vehicle" in effect at the time of the accident provided:

> "Motor vehicle" means a vehicle, including a trailer, operated or designed for operation upon a public highway by power other than muscular power which has more than 2 wheels. Motor vehicle does not include a motorcycle or a moped, as defined in section 32b of Act No. 300 of the Public

Acts of 1949. [MCL 500.3101(2)(c); MSA 24.13101(2)
(c).]

It is undisputed that the vehicle in question has
more than two wheels and was operated by other
than muscular power.[1] The trial court found that
it was not included within the definition because it
was not designed for operation on the highway,
even though it was being operated upon a public
highway at the time of the accident.

This ruling is erroneous. Whether a vehicle is
operated upon a public highway or designed for
operation on the highway are separate considera-
tions under the statute. *Apperson v Citizens Mu-
tual Ins Co,* 130 Mich App 799; 344 NW2d 813
(1983). When a vehicle is operated on a public
highway, that element of the statute is met, and
the judge does not need to analyze whether the
vehicle was designed for operation upon a public
highway. *Coffey v State Farm Mutual Automobile
Ins Co,* 162 Mich App 264; 412 NW2d 281 (1987).

The trial court also based its ruling on a finding
that the wheel loader is exempt from registration
under the Michigan Vehicle Code, MCL 257.216(b)
and (d); MSA 9.1916(b) and (d), and MCL 257.62;
MSA 9.1862. The court concluded that exemption
from registration exempts the owner or registrant
from maintaining no-fault insurance on the vehi-
cle under MCL 3101(1); MSA 13101(1), which in
turn results in exemption from payment of per-
sonal protection benefits with respect to accidents
involving that vehicle. We again find the trial
court erred in its ruling. The registration status of

---

[1] The vehicle insured by defendant is a "wheel loader" owned by a
construction company. It is a four-wheeled, tractor-type machine,
powered by a six cylinder diesel engine and equipped with a front
bucket. It is designed primarily for construction work, to dig, lift, load
and carry. It has a single seat in the cab for the operator, and its
maximum speed is under twenty-five miles per hour.

a vehicle is not relevant with regard to whether it is a motor vehicle and thus covered by the no-fault statute. *Lee v DAIIE,* 412 Mich 505; 315 NW2d 413 (1982).

Defendant attempts to bolster this argument by citing the 1984 amendment of the no-fault insurance act, which expressly excluded from the definition of motor vehicle "a farm tractor or other implement of husbandry which is not subject to the registration requirements of the Michigan vehicle code . . . . " 1984 PA 84, § 1 (effective April 19, 1984). Defendant argues that this amendment supports its contention that the no-fault insurance act does not apply where the vehicle in question is not subject to registration. This argument has no merit. Had the Legislature intended to exclude all vehicles exempted from registration, it could have easily done so, instead of exempting only farm implements.

On appeal, defendant also argues that plaintiff is not entitled to personal protection benefits from any source because of failure to maintain liability insurance coverage on his motorcycle. MCL 500.3103(1), 3113(b); MSA 13103(1), 13113(b). This issue was raised for the first time on appeal and is therefore not subject to this Court's review. *Schanz v New Hampshire Ins Co,* 165 Mich App 395; 418 NW2d 478 (1988).

We reverse the order of the trial court granting judgment for the defendant and remand for further proceedings.

We do not retain jurisdiction.

Reversed and remanded.