*In re* MURRAY ESTATE

Docket No. 125751. Submitted June 4, 1991, at Grand Rapids. Decided
        October 7, 1991, at 9:05 A.M.

    Anna L. Herring brought a claim in the Muskegon County
    Probate Court against the estate of Berlyn A. Murray, Jr.,
    deceased, for services allegedly provided him. Because the
    estate had insufficient funds to satisfy the claim, Herring
    petitioned the court for a determination whether her claim
    could be satisfied from the assets of a trust that Murray had
    established. The trustee, Old Kent Bank of Chicago, objected,
    claiming that even though the trust had assets comprised of
    real estate located in Muskegon County, the court lacked
    jurisdiction over the trust because the principal place of the
    administration of the trust is Illinois. The court, Tom H. Linck,
    J., agreed with the bank and dismissed the petition. Herring
    appealed.

    The Court of Appeals *held:*

    1. The probate court did not err in finding that, pursuant to
    MCL 700.807; MSA 27.5807, it did not have jurisdiction of the
    trust. Herring's cost and inconvenience of litigating in Illinois
    does not create a serious impairment of justice that would,
    under the statute, allow the probate court to assume jurisdic-
    tion of the trust.

    2. Herring's reliance on MCL 600.751; MSA 27A.751, which
    provides that courts of record of this state have jurisdiction of
    land situated within the state, is misplaced, because her peti-
    tion was for supervision of the trust, and was not a proceeding
    involving the land itself.

    Affirmed.

*Elmer B. Wahl, Jr.,* for the petitioner.

*Knudsen, Wasiura & Associates, P.C.* (by *Harry
J. Knudsen*), for the respondents.

Before: MICHAEL J. KELLY, P.J., and MURPHY
and NEFF, JJ.

MICHAEL J. KELLY, P.J. Petitioner appeals as of right a probate court order dismissing her petition for supervision of the trust of Berlyn A. Murray. We affirm.

In 1974, Murray established the trust in issue and named himself trustee until death or resignation. Sears Bank & Trust Company of Chicago, Illinois, was named the successor trustee. Sears Bank & Trust Company eventually became Old Kent Bank of Chicago, the respondent in the instant case.

Following Murray's death, the petitioner initiated a claim against Murray's estate for services she allegedly provided Murray over a two-year period. However, the estate had insufficient funds to satisfy the claim. She therefore petitioned the Muskegon County Probate Court, requesting that it determine whether her claim could be satisfied from trust assets. The bank objected and filed a limited appearance to contest jurisdiction. The court then held a hearing to determine jurisdiction, after which it dismissed the petition, holding that the court lacked jurisdiction over the trust because the principal place of the administration of the trust is in Illinois.

Thereafter, the petitioner filed a motion for rehearing, arguing that trust assets comprised of real estate located in Muskegon County fell within the court's jurisdiction pursuant to MCL 600.751; MSA 27A.751. The court denied the motion and again held that, according to MCL 700.807; MSA 27.5807 of the Revised Probate Code, the court did not have jurisdiction over the trust.

The first issue addressed is whether the court erred in finding that it did not, under MCL 700.807; MSA 27.5807, have jurisdiction over the trust.

MCL 700.807; MSA 27.5807 provides that a pro-

bate court of this state lacks jurisdiction over a proceeding concerning the administration of trusts having their principal place of administration in another state.

> The court shall not, over the objection of a party, entertain proceedings under section 805 involving a trust registered or having its principal place of administration in another state, unless all appropriate parties could not be bound by litigation in the courts of the state where the trust is registered or has its principal place of administration; or the interests of justice otherwise would seriously be impaired. The court may condition a stay or dismissal of a proceeding under this section on the consent of a party to jurisdiction of the state in which the trust is registered or has its principal place of business, or the court may grant a continuance or enter any other appropriate order. [*Id.*]

The petitioner argues that the interests of justice would be impaired seriously if the probate court did not assume jurisdiction over the trust. It is her position that justice would be defeated by the cost and inconvenience of litigating in Illinois. She points to the fact that most of the witnesses would be from Michigan and certain real property belonging to the trust is located in this state. We, however, agree with the probate court and do not find that the burdens complained of in this case would create a serious impairment of justice should the petitioner's claim regarding the trust be litigated in Illinois.

Next, it is urged by the petitioner that the probate court erred in not assuming under MCL 600.751; MSA 27A.751 jurisdiction of certain real property located in Michigan and held by the trust, and in not assuming jurisdiction of the trust pursuant to MCL 600.715; MSA 27A.715. Because

the petitioner failed to raise below, and therefore preserve for appellate review, the issue regarding the application of MCL 600.715; MSA 27A.715 to this case, we will address only her argument concerning MCL 600.751; MSA 27A.751. See *Jones v Continental Casualty Co,* 186 Mich App 656, 659; 465 NW2d 45 (1991).

Section 751 of the Revised Judicature Act provides for jurisdiction over land, as follows:

> The courts of record of this state shall have jurisdiction over land situated within the state whether or not the persons owning or claiming interests therein are subject to the jurisdiction of the courts of this state. [MCL 600.751; MSA 27A.751.]

The petition, however, was for supervision of the trust, and was not a proceeding involving the land itself. We therefore find the petitioner's reliance on § 751 misplaced. The probate court did not err in dismissing the petition.

Affirmed.