AETNA CASUALTY & SURETY COMPANY v AMERICAN
COMMUNITY MUTUAL INSURANCE COMPANY

Docket No. 125198. Submitted May 12, 1992, at Detroit. Decided
November 19, 1992; approved for publication April 1, 1993, at
9:05 A.M.

Aetna Casualty & Surety Company brought an action for subro-
gation in the Oakland Circuit Court against American Commu-
nity Mutual Insurance Company. The action originated after
Margaret Meyer suffered injuries in an automobile accident. At
the time, she was insured under a no-fault insurance policy
issued by the plaintiff and a comprehensive health care policy
issued by the defendant that provided that coverage ended once
Meyer became eligible for Medicare. The defendant paid all
amounts payable under its policy. On October 1, 1988, Meyer
became eligible for Medicare and her policy with the defendant
terminated. She then purchased a Medicare supplemental in-
surance policy from the defendant. The defendant refused to
pay with regard to the supplemental policy for any of Meyer's
accident-related medical expenses incurred after October 1,
1988. The plaintiff paid the expenses incurred after that date
and brought this action seeking reimbursement. The court,
Jessica R. Cooper, J., granted summary disposition for the
plaintiff. The defendant appealed, and the plaintiff cross ap-
pealed.

The Court of Appeals *held*:

1. A health insurer has no liability to an insured for medical
expenses resulting from an automobile accident where the
health insurance coverage is limited to supplementing benefits
provided by Medicare. Thus, health insurers are not required to
reimburse no-fault automobile insurers who paid medical ex-
penses resulting from automobile accidents. The fact that the
defendant's original coverage of Meyer was for comprehensive
health care and that she was not eligible for Medicare when

REFERENCES

Am Jur 2d, Insurance § 547.

See Index to Annotations under Health and Accident Insurance;
Medicare.

she was injured is inconsequential. The defendant paid all amounts payable under that policy until it terminated.

2. The plaintiff has standing to assert in its cross appeal the issue whether Meyer's original comprehensive health care policy was terminated properly.

3. The broad language in the termination clause of Meyer's original health insurance policy that "Your coverage ends . . . after you . . . become eligible for Medicare" allows the defendant to terminate the policy upon Meyer's becoming entitled to Medicare benefits in general. The right to terminate does not necessarily depend upon Meyer's becoming entitled to certain payments.

Reversed and remanded.

TAYLOR, J., dissenting with regard to the decision to address the issue whether Meyer's original health care policy was terminated properly, stated that the issue was not addressed in the trial court and thus review is inappropriate, and that the issue is moot because the parties stipulated that "[e]ffective October 1, 1988, once Ms. Meyer became eligible for Medicare, her individual health insurance policy with American Community terminated, and she became eligible for a Medicare Supplemental policy."

INSURANCE — MEDICARE SUPPLEMENTS — NO-FAULT — COORDINATION OF BENEFITS — HEALTH CARE.

A health insurer has no liability to an insured to pay medical expenses resulting from an automobile accident where the health insurance coverage is limited to supplementing benefits provided by Medicare (42 USC 1395y[b][2][A]; MCL 500.3109a; MSA 24.13109[1]).

*Collins, Einhorn & Farrell, P.C.* (by *Noreen L. Slank* and *Richard E. Moblo*), for the plaintiff.

*Miller, Canfield, Paddock & Stone* (by *Kevin J. Moody* and *Clifford T. Flood*), for the defendant.

Before: HOLBROOK, JR., P.J., and SULLIVAN and TAYLOR, JJ.

PER CURIAM. In this insurance subrogation action, defendant appeals as of right from an Oakland Circuit Court order granting the plaintiff's

motion for summary disposition. Plaintiff has filed a cross appeal. We reverse and remand.

The facts of the case are not disputed. On April 19, 1986, Margaret Lynn Meyer suffered injuries as a result of an automobile accident. At that time, Meyer was insured under a no-fault insurance policy issued by the plaintiff and under a comprehensive health care policy issued by the defendant. Defendant's policy provided that coverage ended once Meyer became eligible for Medicare. Defendant paid all amounts payable under this policy. On October 1, 1988, Meyer became eligible for Medicare, and her policy with the defendant terminated. She then purchased a Medicare supplemental insurance policy from the defendant. Since October 1, 1988, plaintiff has paid additional amounts incurred by Meyer as a result of the automobile accident.

Pursuant to MCR 2.116(C)(9), plaintiff filed a motion for summary disposition, seeking reimbursement from the defendant for all medical expenses it paid on or after October 1, 1988. The circuit court granted the plaintiff's motion.

Our Supreme Court's decision in *John Hancock Property & Casualty Ins Cos v Blue Cross & Blue Shield of Michigan,* 437 Mich 368; 471 NW2d 541 (1991), is controlling. In *John Hancock,* p 371, the Court held that "a health insurer has no liability to the insured for medical expense respecting an automobile accident where the health insurance coverage is limited to supplementing benefits provided by Medicare," so that "health insurers are not required to reimburse . . . no-fault automobile insurers for medical expense they paid respecting automobile accidents." In the present case, the fact that defendant's original coverage of Meyer was for comprehensive health care and that Meyer was not eligible for Medicare when she was injured is

inconsequential. Defendant paid all amounts payable under the comprehensive health care policy until it terminated when Meyer became eligible for Medicare. The parties stipulated that the summary disposition did not involve the terminated policy. When Meyer became eligible for Medicare, she purchased a supplemental policy from the defendant. Defendant then refused to pay any of Meyer's medical expenses arising out of her injuries suffered in the automobile accident. Plaintiff assumed payment of Meyer's medical expenses and sued the defendant to recover those amounts it claimed defendant owed under the supplemental policy. For these reasons, the decision in *John Hancock* is applicable and the circuit court's decision must be reversed.

The only other issue we need consider is the plaintiff's claim on cross appeal that Meyer's original comprehensive health care policy was improperly terminated. Plaintiff maintains that the Court in *John Hancock,* p 374, n 4, recognized that "Medicare is no longer payable where the medical expense is covered under an automobile insurance policy or plan or under no-fault insurance." See 42 USC 1395y(b)(2)(A). Plaintiff argues that because Meyer had no-fault benefits available to her, she was not eligible for Medicare. Consequently, the plaintiff claims that the defendant should not have terminated Meyer's original policy.

We first note that this issue is not properly before this Court because the issue was not decided by the circuit court. *Jones v Continental Casualty Co,* 186 Mich App 656, 659; 465 NW2d 45 (1991). Moreover, the plaintiff seemingly waived this issue by stipulating that "[e]ffective October 1, 1988, once Ms. Meyer became eligible for Medicare, her individual health insurance policy with American Community terminated, and she became

eligible for a Medicare Supplemental policy." However, we will review the issue because it is a legal question and the facts necessary for its resolution have been presented. *Spruytte v Owens,* 190 Mich App 127, 132; 475 NW2d 382 (1991).

Defendant argues that the plaintiff lacks standing to assert this issue because plaintiff is only subrogated to the rights of Meyer under her no-fault insurance policy. However, we find that the plaintiff's interest in the issue is sufficiently substantial to warrant standing. *Rogan v Morton,* 167 Mich App 483, 486; 423 NW2d 237 (1988).

Meyer's original policy with the defendant provided in pertinent part:

> Your coverage ends on the first renewal date on or after you reach age 65, or become eligible for Medicare, whichever comes earlier. Medicare is title XVIII of the Social Security Act, as amended.

In our opinion, the plaintiff confuses entitlement to Medicare benefits in general with entitlement to particular Medicare benefits. For example, under 42 USC 426, Meyer was entitled to Medicare hospitalization benefits beginning October 1, 1988. Accordingly, on that date she became eligible for Medicare under the terms of the original policy. The argument that she might not have been entitled to Medicare payments under § 1395y because of her no-fault policy does not change the fact that she met the requirements for entitlement to Medicare benefits in general. We interpret the broad language in the termination clause of Meyer's original health insurance policy as providing for the defendant's right to terminate the policy upon Meyer's becoming entitled to Medicare benefits in

general, and not necessarily dependent upon entitlement to certain payments.[1]

Reversed and remanded for further proceedings consistent with this opinion.

TAYLOR, J. *(concurring in part and dissenting in part)*. I agree with the majority's analysis of the primary issue presented, but would decline for two reasons to address the issue whether Meyer's original health care policy was properly terminated. First, our review is limited to those issues actually decided by the lower court. Thus, review is inappropriate in this case. *Chilingirian v City of Fraser*, 194 Mich App 65, 71; 486 NW2d 347 (1992). Second, in view of the parties' stipulation concerning Meyer's eligibility for Medicare and the resulting termination of her health insurance policy, the issue is moot. *Crawford Co v Secretary of State*, 160 Mich App 88, 93; 408 NW2d 112 (1987).

In light of the paucity of judicial resources in the face of a burgeoning appellate docket, it behooves this Court to reserve appellate review for the questions properly before this Court.

---

[1] See *Totedo v Bankers Life & Casualty Co*, 670 F Supp 148 (WD Pa, 1987), where an insurance policy provided that the insurer would not renew the policy once the insured became eligible or qualified for benefits under Medicare. The court held that this clause was not applicable when the insured was entitled to receive Medicare benefits but was precluded from collecting those benefits because he was covered by no-fault insurance. *Id.*, p 151. In comparison, the pertinent clause in the present case only provided that the policy terminated when the insured became eligible for Medicare.