# STATE OF MICHIGAN

# COURT OF APPEALS

DEBRA CONN, DIANE HANSON, and
PAULA SCHLOSSBERG

        Plaintiffs,

and

VIRGINIA SHAMEL,

        Plaintiff-Appellant,

v

PARK WEST GALLERIES, INC., ALBERT
SCAGLIONE, MORRIS SHAPIRO, and ALBERT
MOLINA,

        Defendants-Appellees.

UNPUBLISHED
February 19, 2015

No.  316120
Oakland Circuit Court
LC No.  2012-130035-CZ

Before: MURRAY, P.J., and HOEKSTRA and WILDER, JJ.

PER CURIAM.

        Plaintiffs alleged that they purchased artwork from defendant Park West Galleries, Inc. ("Park West"), and in their complaint asserted that some of the art was fraudulently misrepresented, that they were overcharged, or that they did not receive what defendants represented was being purchased.  In similar cases brought against these defendants, the issues have generally focused on the arbitration clauses in defendant Park West's invoices and the statute of limitations.  This case raises a different issue.  After the trial court granted in part and denied in part defendants' motion for summary disposition pursuant to MCR 2.116(C)(7), we granted plaintiffs' application for leave to appeal "limited to the issues of whether plaintiff Conn may challenge the validity of the arbitration clause in her 2009 sales contract based on fraud in the inducement and whether plaintiffs Hanson and Shamel have standing."  *Conn v Park West Galleries, Inc*, unpublished order of the Court of Appeals, entered December 17, 2013 (Docket No. 316120).  However, pursuant to the parties' stipulation, this Court subsequently dismissed appellants Debra Conn and Diane Hanson as parties to this appeal.  *Conn v Park West Galleries,*

-1-

*Inc*, unpublished order of the Court of Appeals, entered November 19, 2014 (Docket No. 316120).[1] Accordingly, the only issue before this Court is whether the trial court erred in ruling that plaintiff Shamel lacked standing to pursue any claims involving works of art that were purchased in transactions in which only Shamel's late husband, George Trauthwein, was listed as the purchasing party on the invoice. We reverse and remand for further proceedings consistent with this opinion.

A trial court's summary disposition decision is reviewed de novo. *Spiek v Dep't of Transp*, 456 Mich 331, 337; 572 NW2d 201 (1998). Although defendants moved for summary disposition under MCR 2.116(C)(7) and (10), a motion for summary disposition based on standing is properly considered under MCR 2.116(C)(5), for lack of legal capacity to sue. *Int'l Union, United Auto, Aerospace & Agricultural Implement Workers of America v Central Mich Univ Trustees*, 295 Mich App 486, 493; 815 NW2d 132 (2012). This Court may review a summary disposition decision under the appropriate subrule, even if the parties did not raise it, where, as here, neither party has been misled. *Computer Network, Inc v AM Gen Corp*, 265 Mich App 309, 312-313; 696 NW2d 49 (2005).

> In reviewing a motion for summary disposition pursuant to MCR 2.116(C)(5), this Court must consider the pleadings, depositions, admissions, affidavits, and other documentary evidence submitted by the parties. This Court reviews de novo a trial court's determination on a motion for summary disposition as well as the legal question of whether a party has standing to sue. [*Int'l Union*, 295 Mich App at 493 (citations and quotation marks omitted).]

"The purpose of the standing doctrine is to assess whether a litigant's interest in the issue is sufficient to ensure sincere and vigorous advocacy." *Lansing Sch Ed Ass'n v Lansing Bd of Ed*, 487 Mich 349, 355; 792 NW2d 686 (2010). Standing involves whether a particular litigant is a proper party to request adjudication of an issue and not whether the issue is justiciable. *Id.* Therefore, one with a legal cause of action has standing. *Id.* at 372. One can also have standing under the declaratory judgment rule, MCR 2.605, or

> [w]here a cause of action is not provided at law, then a court should, in its discretion, determine whether a litigant has standing. A litigant may have standing in this context if the litigant has a special injury or right, or substantial interest, that will be detrimentally affected in a manner different from the citizenry at large or if the statutory scheme implies that the Legislature intended to confer standing on the litigant. [*Id.* at 372.]

Shamel relies on *Aichele v Hodge*, 259 Mich App 146, 164-165; 673 NW2d 452 (2003), in which this Court stated:

---

[1] Because this Court did not grant leave to appeal with respect to plaintiff Paula Schlossberg, she is not a party to this appeal.

In *Bowie v Arder,* 411 Mich 23, 42-43; 490 NW2d 568 (1992), quoting 59 Am Jur 2d, Parties, § 30, p 414, our Supreme Court explained standing stating that,

> "One cannot rightfully invoke the jurisdiction of the court to enforce private rights, or maintain a civil action for the enforcement of such rights, unless one has in an individual or representative capacity some real interest in the cause of action, or a legal or equitable right, title, or interest in the subject matter of the controversy. This interest is generally spoken of as 'standing' . . . ."

See also *Lansing Sch Ed Ass'n*, 487 Mich at 358.

The trial court concluded that Shamel had no legal right to pursue claims for artwork purchased in September 2004 and May 2006 because only her late husband was named in the invoices for those purchases. There is a significant amount of facial appeal to that proposition, since outside the warranty context, how could an individual sue a company for breach of contract or related claims based upon the purchase of an item that the individual did not purchase? However, that reasoning is related to the merits of Shamel's claims, not to whether she has standing to assert the legal causes of action set forth in the complaint. See *Rogan v Morton*, 167 Mich App 483, 486; 423 NW2d 237 (1988) ("Standing in no way depends on the merits of the case.") Instead, under *Lansing Sch Ed Ass'n*, "a litigant has standing whenever there is a legal cause of action," *Lansing Sch Ed Ass'n*, 487 Mich at 372, and whether one asserts a legal cause of action is not determined by addressing the merits of the claim. *Id.* at 357. Here, the trial court's conclusion was based on the merits, i.e., that Shamel could not sue because she was not a party to the original purchase nor the relevant recipient of the allegedly fraudulent misrepresentations. But those facts are material to issues such as privity and reliance, not whether Shamel has asserted legal causes of action. In other words, Shamel set forth valid causes of action, and under *Lansing Sch Ed Ass'n's* broad approach to standing, that appears to be enough. Accordingly, the trial court erred in dismissing those claims for lack of standing.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Joel P. Hoekstra
/s/ Kurtis T. Wilder