*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ERIC BRADLEY and JACQUELINE CHUANG,

Plaintiffs/Counterdefendants-
Appellees,

v

LINDA FRYE-CHAIKEN,

Defendant/Counterplaintiff-Appellant.

UNPUBLISHED
January 28, 2021

No. 350387
Washtenaw Circuit Court
LC No. 18-001059-CH

Before: SWARTZLE, P.J., and RONAYNE KRAUSE and RICK, JJ.

PER CURIAM.

Defendant/counterplaintiff (defendant) appeals as of right the trial court's order granting summary disposition in favor of plaintiffs/counterdefendants (plaintiffs) pursuant to MCR 2.116(C)(8) (failure to state a claim) and (C)(10) (no genuine issue of material fact). Relevant to this instant appeal is the trial court's dismissal with respect to MCR 2.116(C)(10). For the reasons discussed below, we affirm.

The parties entered into a "Real Estate Sales Contract" (the Agreement) for the sale and purchase of a condominium (the property) "situated on Seven Mile Beach, Grand Cayman Island, British West Indies," commonly referred to as the "Strata Lot." The Agreement provided that plaintiffs would pay $625,000 toward the purchase of the property and that the sale and purchase would be completed on December 15, 2014. Plaintiffs were to provide $10,330 as a deposit upon execution of the Agreement and thereafter pay $19,670 as a further deposit "before or up to time" of closing. The Agreement further provided for monthly payments in the amount of $2,400 toward the remaining balance of $595,000, with a balloon payment after seven years; the remaining balance was to be secured by a promissory note. The parties agreed that the Agreement would be construed in accordance with the laws of the State of Michigan. The Agreement also required the drafting of a real estate purchase agreement that was legally recognized in accordance with the laws of the Cayman Islands.

Although the initial closing date was set for December 15, 2014, that date was crossed out and a new closing date of November 30, 2015, was written above it and initialed by the parties.

-1-

Plaintiffs paid defendant $10,330 on May 27, 2014, $6,727.38 on May 28, 2014, and $5,943 on August 5, 2015, totaling $23,000.38, leaving $7,000 outstanding to defendant. The parties acknowledged this outstanding sum through their signatures on the Agreement. On November 14, 2015, plaintiffs delivered a draft promissory note for $595,000 of the remaining balance, a draft charge for the same amount as additional security, and a draft agreement for the purchase and sale of the property in a form commonly used in the Cayman Islands (collectively, the closing documents). Defendant's attorney did not object to the closing documents; however, defendant did not sign them or attend the closing. Subsequently, the parties agreed to extend the closing date to April 1, 2016, as evidenced by numerous e-mail correspondences between plaintiff Eric Bradley and defendant's attorney. A new agreement was drafted to reflect the agreed upon change in closing. Although defendant's attorney indicated that defendant agreed with the terms of the new agreement, defendant did not sign it.

On February 23, 2016, after not receiving defendant's signature on the new contract, plaintiffs sent a notice of default requesting that defendant proceed to closing. Thereafter, on April 15, 2016, defendant responded by alleging that plaintiffs defaulted by failing to make installment payments that were due on December 15, 2014, (the initial closing date), consequently, plaintiffs' default allowed defendant to declare the contract forfeited and canceled. On July 22, 2016, plaintiffs filed a cause of action in the Cayman Islands for breach of contract and promissory estoppel. Defendant asserted that jurisdiction would have been inappropriate in the Cayman Islands because the dispute concerned the execution of a contract in the State of Michigan. The Cayman Islands court agreed, stayed the proceedings in the Cayman Islands, and concluded that defendant "established that Michigan is clearly the more appropriate forum for the resolution of the instant dispute."

Consequently, plaintiffs filed a complaint in Washtenaw County for breach of contract, requesting specific performance and promissory estoppel. Plaintiffs then filed their motion for summary disposition and requested specific performance. Ultimately, the trial court granted plaintiffs' motion for summary disposition. The trial court concluded that there was a valid contract and found that plaintiffs were entitled to specific performance of the contract. This appeal followed.

Defendant first argues that the trial court did not have subject-matter jurisdiction over this dispute. We review de novo the trial court's decision to grant summary disposition. *Bowden v Gannaway*, 310 Mich App 499, 503; 871 NW2d 893 (2015). Our review of a motion for summary disposition pursuant to MCR 2.116 (C)(10) considers "the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Patrick v Turkelson*, 322 Mich App 595, 605; 913 NW2d 369 (2018) (quotation marks and citation omitted). Summary disposition "is appropriate under MCR 2.116 (C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Id*. (quotation marks and citation omitted). "A genuine issue of material fact exists when, after viewing the evidence in the light most favorable to the nonmoving party, reasonable minds could differ on the issue." *Estate of Trueblood v P&G Apartments, LLC*, 327 Mich App 275, 285; 933 NW2d 732 (2019). "Whether a court has subject-matter jurisdiction is a question of law that this Court reviews de novo," and "[a] jurisdictional defect may be raised at any time." *Teran v Rittley*, 313 Mich App 197, 205; 882 NW2d 181 (2015).

Subject-matter jurisdiction is the right of the court to exercise judicial power over a class of cases, not the particular case before it. It is the abstract power to try a case of the kind or character of the one pending, but not to determine whether the particular case is one that presents a cause of action or, under the particular facts, is triable before the court in which it is pending. The Legislature has conferred subject-matter jurisdiction on circuit courts as follows:

> Circuit courts have original jurisdiction to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given in the constitution or by statute to some other court or where the circuit courts are denied jurisdiction by the constitution or statutes of this state. [MCL 600.605.]

Thus, the circuit court is presumed to have subject-matter jurisdiction over a civil action unless Michigan's Constitution or a statute expressly prohibits it from exercising jurisdiction or gives to another court exclusive jurisdiction over the subject matter of the suit. [*Terran*, 313 Mich App at 205-206 (alteration in original; quotation marks and citations omitted).]

"Subject-matter jurisdiction cannot be granted by implied or express stipulation of the litigants. Likewise, a defense of lack of subject-matter jurisdiction cannot be waived by a litigant." *Harris v Vernier*, 242 Mich App 306, 316; 617 NW2d 764 (2000) (citation omitted).

Defendant's entire argument regarding this issue mistakenly relies on MCL 600.751. Defendant contends that MCL 600.751 was the controlling statute that denied the trial court subject-matter jurisdiction over this dispute. MCL 600.751 provides that "[t]he courts of record of this state shall have jurisdiction over land situated within the state whether or not the persons owning or claiming interests therein are subject to the jurisdiction of the courts of this state." Relying on this statute, defendant asserts that the "statutory recognition that Michigan courts have the power to adjudicate land situated in Michigan is also a recognition that Michigan courts lack the power to adjudicate lands not situated in Michigan." However, defendant's reliance on MCL 600.751 is misplaced because this case involved a proceeding to determine whether there was a breach of contract; it was not a proceeding involving the land itself. See *In re Murray Estate*, 191 Mich App 347, 350; 477 NW2d 510 (1991) ("The petition, however, was for supervision of the trust, and was not a proceeding involving the land itself. We therefore find the petitioner's reliance on § 751 misplaced.").

Moreover, MCL 600.751 pertains to in rem and quasi-in-rem jurisdiction, which provide authority for the trial court to exercise jurisdiction over an individual who is not otherwise subject to the *personal* jurisdiction of a Michigan court. Simply stated, MCL 600.751 has nothing to do with a trial court's exercise of subject-matter jurisdiction over a dispute; rather, the statute involves a trial court's exercise of personal jurisdiction over a litigant. "Jurisdiction involves the two different concepts of subject-matter jurisdiction and personal jurisdiction. Subject-matter jurisdiction encompasses those matters upon which the court has power to act. Personal jurisdiction deals with the authority of the court to bind the parties to the action." *People v Lown*, 488 Mich 242, 268 n 49; 794 NW2d 9 (2011) (quotation marks and citation omitted).

Defendant relies on a number of cases ostensibly to the contrary, however, all of them concern actions by trial courts affecting property itself in different states, i.e., a Michigan court partitioning or forfeiting property in Florida. See *Henkel v Henkel*, 282 Mich 473; 276 NW 522 (1937); *In re Forfeiture of $1,159,420*, 194 Mich App 134; 486 NW2d 326 (1992). Obviously, Michigan courts lack the jurisdiction to affect property in different states, and such actions would need to be instituted in those respective states pertaining to the land itself. As indicated, MCL 600.751 authorizes a trial court to exercise personal jurisdiction over an individual who has property located within Michigan's border; it has absolutely nothing to do with a trial court's exercise of subject-matter jurisdiction over a case of the kind or character of the one pending.

The instant dispute arose between Michigan residents, and the contract was signed in Michigan. This was a contract dispute resulting in a breach of contract cause of action filed by plaintiffs. Because circuit courts have original jurisdiction to hear and determine *all* civil claims, of which a contract dispute is included, and there was no exception in the Constitution or statute that denied jurisdiction, the trial court had subject-matter jurisdiction over this dispute. See MCL 600.605. Therefore, the trial court appropriately exercised subject-matter jurisdiction over this dispute.

We likewise reject defendant's remaining arguments. Defendant argues the trial court erred by granting specific performance, but we find this argument unpersuasive. Defendant provides a thorough overview of the law concerning specific performance and land contracts, but we cannot discern any argument applying any of that law to the facts of this case. "An appellant may not merely announce h[er] position and leave it to this Court to discover and rationalize the basis for h[er] claims, nor may [s]he give issues cursory treatment with little or no citation of supporting authority." *Houghton ex rel Johnson v Keller*, 256 Mich App 336, 339; 662 NW2d 854 (2003) (citations omitted). Therefore, we deem this issue abandoned. See *Yee v Shiawassee Co Bd of Comm'rs*, 251 Mich App 379, 406; 651 NW2d 756 (2002) ("[W]here a party fails to brief the merits of an allegation of error, the issue is deemed abandoned by this Court.") (quotation marks and citation omitted).

Defendant also asserts that the trial court failed to make specific findings of fact regarding the parties' quiet-title action, citing MCL 600.2932 and MCR 3.411. However, this was a breach of contract action, not a quiet title action. MCL 600.2932(1) provides:

> Any person, whether he is in possession of the land in question or not, who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action in the circuit courts against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff, whether the defendant is in possession of the land or not.

The statute authorizes an individual who claims an interest in real property the opportunity to file suit to determine competing parties' interests in land. See *Trademark Properties of Mich, LLC v Federal Nat Mtg Ass'n*, 308 Mich App 132, 137; 863 NW2d 344 (2014). MCR 3.411 "applies to actions to determine interests in land under MCL 600.2932." MCR 3.411(A). "If the plaintiff established his title to the lands, the defendant shall be ordered to release to the plaintiff all claims thereto." MCL 600.2932(3). This simply was not an action by plaintiffs to resolve competing interests in land because plaintiffs did not otherwise have an interest absent the contract. They

-4-

never claimed a "right in, title to, equitable title to, interest in, or right to possession of land" as required by MCL 600.2932(1). Instead, this was an action by plaintiffs to enforce a written contract for the conveyance of the property to allow them to gain an interest in the property. Plaintiffs, being the prevailing party, may tax costs pursuant to MCR 7.219.

Affirmed.

/s/ Brock A. Swartzle
/s/ Amy Ronayne Krause
/s/ Michelle M. Rick