Lanier **WILCHER**, Jr.,
**Plaintiff/Counterdefendant,**

v.

**MICHIGAN MUTUAL INSURANCE COMPANY**, **Defendant/Counterplaintiff and Third Party Plaintiff,**

v.

Lanier **WILCHER**, Sr. and Dexter **Wilcher**, Third Party Defendants.

**Civ. A. No. J87–0690(L).**

United States District Court, S.D. Mississippi, Jackson Division.

June 7, 1988.

---

William W. Ferguson, Raymond, Miss., for plaintiff/counterdefendant.

Dan W. Webb, Shuttleworth, Smith and Webb, Tupelo, Miss., for defendant/counterplaintiff and third party plaintiff.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of Michigan Mutual Insurance Company (Michigan Mutual) for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. This is an action instituted by Lanier Wilcher, Jr. under a policy of automobile insurance issued to him by Michigan Mutual. Plaintiff has filed this action seeking recovery under the medical payments and the uninsured motorist provisions of the policy for injuries received in an accident on September 23, 1984, in which plaintiff, while driving a tractor owned by his father along his father's private driveway, discovered that the brakes and steering were not operating. He was unable to control the tractor which went into a ditch and overturned, injuring him.

After plaintiff instituted this action for recovery of policy proceeds together with punitive damages, Michigan Mutual counterclaimed seeking a declaratory judgment that it has no liability under the policy. Michigan Mutual further instituted a third-party claim against Lanier Wilcher, Sr. and Dexter Wilcher, pursuant to its subrogation rights, seeking indemnity from them for their alleged negligence in maintaining the tractor on which plaintiff was injured. Construed strictly, this motion relates only to the main claim in this lawsuit, that being the claim between Wilcher, Jr. and Michigan Mutual. However, because this court is of the opinion that Michigan Mutual is entitled to summary judgment, the third-party claim is rendered moot.

Michigan Mutual seeks summary judgment on the basis of a delay by plaintiff in notification of his claim under the policy. There is no dispute that there was a two and one-half year delay between the date of the accident and plaintiff's first notification to Michigan Mutual of any occurrence giving rise to coverage under the policy. According to Michigan Mutual, prompt notice of the claim was a condition precedent to coverage under the policy and plaintiff's failure to provide such prompt notice precludes his recovery. Although the pertinent policy language does not expressly make timely notice a condition precedent to coverage, it has been held that "[n]otice given so late that it is 'unreasonable' or that prejudices the insurer bars recovery by the insured." *State of Mississippi v. Richardson*, 817 F.2d 1203, 1207 (5th Cir.1987) (citing *Young v. Travelers Ins. Co.*, 119 F.2d 877, 880 (5th Cir.1941)). In the case at bar, a delay of two and

one-half years is "so late" that it must be considered unreasonable, and hence bars recovery by the insured.[1]

■ Even were the court to assume that plaintiff's delay in notification did not relieve Michigan Mutual of its policy obligations, there remains an issue regarding coverage. Under the medical payments coverage portion of the subject automobile policy, coverage is afforded where the person is occupying or pedestrian is struck by "a motor vehicle designed for use mainly on public roads or a trailer of any type." The uninsured motorist benefits provisions exclude from coverage "any vehicle or equipment ... [d]esigned mainly for use off public roads while not on public roads." In the case at bar, the person for whom coverage is sought under the medical payments provision of the policy is Lanier Wilcher, Jr., and the vehicle claimed to be an uninsured motor vehicle is the tractor belonging to Lanier Wilcher, Sr. Though there are no Mississippi cases addressing the issue of whether a farm tractor is a vehicle within the coverage of uninsured motorist coverage benefits of an insurance policy, the court is of the opinion that, given the definition contained in the policy issued by Michigan Mutual, the only logical conclusion which can be drawn is that the tractor is not a vehicle designed for use mainly on public roads and is instead a vehicle designed mainly for use off public roads.

As defendant correctly observes, farm tractors are not subject to licensing and insurance requirements of the State of Mississippi. *See* Miss.Code Ann. § 27–19–1 *et seq.* and 63–15–3(c) (Supp.1987). Further, no drivers license is required to operate a tractor driven temporarily on a public road. Miss.Code Ann. § 63–1–7(c) (Supp.1987); *see also* 8C Appleman, *Insurance Law and Practice* § 5089.75, at 225 (uninsured motorist statutes were never intended to apply to injuries inflicted on private property by vehicles not subject to registration or compulsory insurance provisions). Lanier Wilcher, Jr. in his own deposition testimony admitted that the tractor he was using at the time of the accident was used mainly on the farm.

Because plaintiff, at the time of the accident, was operating a vehicle designed mainly for use not on public roads but rather off public roads and the accident occurred while he was operating the tractor on private property, there is no coverage under the policy.[2] Michigan Mutual is therefore entitled to summary judgment since it has no liability for payment of uninsured or medical payment benefits under its policy.

Accordingly, it is ordered that defendant's motion for summary judgment is granted. A separate judgment shall be submitted in accordance with Rule 58 of the Federal Rules of Civil Procedure.

---

1. Michigan Mutual has gone one step further and in an effort to demonstrate prejudice resulting from the delay, has submitted the affidavit of A.K. Rosenhan, an engineering expert, which states that due to the lengthy delay, it is impossible to ascertain the cause of the accident. According to Michigan Mutual, the inability to determine the cause of the accident effectively precludes it from obtaining indemnity from those individuals responsible for maintenance of the tractor and it has thereby been substantially prejudiced. It is apparent that prejudice exists as to Michigan Mutual's potential claim for subrogation against the third-party defendants. However, it is prejudiced only in relation to the uninsured motorist claim asserted by plaintiff. The medical payments provision of the policy requires payment without reference to negligence by anyone.

2. Plaintiff contends that the policy is ambiguous in that under the medical payments provision, coverage is provided for one injured while occupying a vehicle designed for use mainly *on* public roads whereas the uninsured motorist benefits exclusion differs slightly and excludes coverage for vehicles designed mainly for use *off* public roads. The court sees little, if any, difference in the import of the two definitions such as would render the policy ambiguous. Further, any such difference is irrelevant since the two portions of the policy are severable.