# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 95-CA-00677-SCT

*ARCHIE DOWDLE, JR.*

*v.*

*MISSISSIPPI FARM BUREAU MUTUAL*
*INSURANCE COMPANY*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/23/95 |
| TRIAL JUDGE: | HON. GEORGE C. CARLSON, JR. |
| COURT FROM WHICH APPEALED: | PANOLA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DAVID L. WALKER |
| ATTORNEY FOR APPELLEE: | DION JEFFERY SHANLEY |
| NATURE OF THE CASE: | CIVIL - INSURANCE |
| DISPOSITION: | AFFIRMED - 7/31/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 8/22/97 |

**BEFORE PRATHER, ROBERTS AND MILLS, JJ.**

**MILLS, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

¶1. Archie Dowdle, Jr. appeals the order of the Second Circuit Court District of Panola County granting defendant Jimmy Berryhill, Jr.'s motion for summary judgment. The trial court found that there were no genuine issues as to any material facts and that the defendant was entitled to a judgment as a matter of law. We agree.

## ISSUE

**IS A GOLF CART A MOTOR VEHICLE AND THEREFORE WITHIN THE SCOPE OF COVERAGE OF AN UNINSURED MOTORIST POLICY?**

## FACTS

¶2. The plaintiff, Archie Dowdle, Jr., was allegedly injured as a result of the negligent driving of a

golf cart by Jimmy Berryhill, Jr. Dowdle lived with his parents and therefore was covered by his father's uninsured motorist coverage. Dowdle filed a claim against Farm Bureau stating that he was entitled to uninsured motorist coverage. Farm Bureau refused to pay any benefits stating that the golf cart does not fit the definition of an automobile within the meaning of the policy or any relevant statutes.

## DISCUSSION

¶3. The sole question presented in this case is whether a golf cart is a motor vehicle under the terms of the Dowdle insurance policy or under Mississippi's Motor Vehicle Responsibility Act.

¶4. ***Hartford Accident & Indemnity Co. v. Bridges***, 350 So. 2d 1379, 1381 (Miss. 1977), directs that limits on uninsured motorist coverage, "must be done in clear and unambiguous language that it may be readily seen and understood by the insured at the time the coverage is limited." ***Bridges***, 350 So. 2d at 1381.

¶5. The insurance policy in question specifically excludes from the definition of "uninsured motor vehicle":

> any all-terrain (ATV) motorized vehicle or motorcycle or farm type tractor or *equipment designed for use principally off public roads*.(emphasis added)

The policy further defines "automobile" as ***not*** including:

> Motorcycles, motor driven cycles, all-terrain vehicles *or any other recreational vehicle*.(emphasis added)

¶6. We find the foregoing language to be clear, unambiguous and easily understood. Since the language as drafted complies with ***Hartford***, we must now determine whether it satisfies statutory definitions.

¶7. Mississippi's Motor Vehicle Responsibility Act defines "motor vehicle" as:

> Every self-propelled vehicle (other than traction engines, road rollers and graders, tractor cranes, power shovels, well drillers and implements of husbandry) which is designed for use upon a highway, including trailers and semi-trailers designed for use with such vehicles, and every vehicle which is propelled by electric power obtained from overhead wires but not operated upon rails.

**Miss. Code Ann. § 63-15-3 (c) (1972).** "Highway" is defined to include:

> the entire width between property lines of any road, street, way, thoroughfare, or bridge in the State of Mississippi not privately owned or controlled, when any part thereof is open to the public for vehicular traffic and over which the state has legislative jurisdiction under its police power.

**Miss. Code Ann. § 63-15-3 (a) (1972).**

¶8. Two recent cases decided in the Mississippi Federal District Courts are helpful to our analysis. In

*Wilcher v. Michigan Mut. Ins. Co.*, 691 F. Supp. 1019, 1021 (S.D. Miss. 1988), the Southern District of Mississippi, when interpreting an insurance clause similar to the clause in the case *sub judice,* found a farm tractor "is not a vehicle designed for use mainly on public roads. . . ." *Wilcher*, 691 F. Supp. at 1021. *Wilcher* relied upon the fact that:

> farm tractors are not subject to licensing and insurance requirements of the State of Mississippi. *See Miss. Code Ann. § 27-19-1 et. seq.* and 63-15-3(c) (Supp. 1987). Further no drivers license is required to operate a tractor driven temporarily on a public road. *Miss. Code Ann.* § 63-1-7 (c)(Supp. 1987); *see also* 8C Appleman, *Insurance Law and Practice* § 5089.75, at 5089.75, at 225 (uninsured motorist statutes were never intended to apply to injuries inflicted on private property by vehicle not subject to registration or compulsory insurance provisions).

*Wilcher*, 691 F. Supp. at 1021.

¶9. The trial court in the case *sub judice* cited *State Farm Mut. Auto. Ins. Co. v. Graham*, 3:92CV161-B-D (N.D. Miss. May 1994) an unpublished trial court decision issued by Judge Neal Biggers. In *Graham*, the Northern District Court found that uninsured motorist coverage did not extend "to fatal injuries received by the decedent while watching a drag race and being struck by an out-of-control dragster which was racing on a dirt race track." As in *Wilcher*, *Graham* turned on the fact that the dragster "was not licensed for driving on public roads and was not equipped with headlights, tail lights, turn signal lights, brake lights, windshield wipers or a horn." [See Judge Biggers' Memorandum Opinion, Page 2]. Biggers' opinion also addressed the distinction between "intended design" and "actual use." As in the case *sub judice*, Biggers was faced with affidavits asserting that the dragster was occasionally used on the road. However, Biggers stated that "[s]ince the dragster was designed for use mainly off public roads and was not being operated on a public road" the vehicle was not covered under uninsured motorist coverage.

¶10. The trial court also relied upon two other jurisdictions. In *Nepstad v. Randall*, 152 N.W. 2d 383, 385-86 (S.D. 1967), South Dakota did not apply their automobile guest statute to passengers in a golf cart. They stated that:

> a highway safety statute was not applicable to a class of motor propelled vehicles so designed that they might never be used for transporting persons or property upon a public highway and that such a motor vehicle is not within the terms of the statute unless being operated upon a public highway at the time of the accident.

*Nepstad*, 152 N.W. 2d at 385-86. Florida has also addressed the status of golf carts. In *American States Ins. Co. v. Baroletti*, 566 So. 2d 314, 316 (Fla. Dist. Ct. App. 1990), the Florida District Court of Appeals for the Second District stated that the fact that "golf carts are not typically used on roads and highways places them outside the purposes of financial responsibility and no-fault coverage." *Baroletti*, 566 So. 2d at 316, n.1. Again, as in the test set forth in *Wilcher* and *Graham*, these jurisdictions also turn on design, intended use, and registration and licensing requirements. These authorities are consistent with the present analysis and supplement our finding that golf carts are not motor vehicles as contemplated by our statute.

¶11. The appellant cites Michigan authorities which have found golf carts to be insured motor vehicles. *Coffey v. State Farm Auto. Ins. Co.*, 412 N.W. 2d 281 (Mich. Ct. App. 1987) (finding golf

carts to be motor vehicles). ***Jones v. Continental Cas. Co.***, 465 N.W. 2d 45 (Mich. Ct. App. 1991) (finding wheel loader to be motor vehicle). *But see* ***Ebernickel v. State Farm Mut. Auto. Ins. Co.***, 367 N.W. 2d 444 (Mich. Ct. App. 1985) (requiring that accident ***actually occur*** on public road). We do not find these authorities persuasive due to the dissimilarities between Michigan and Mississippi statutory law.

¶12. We find no persuasive authorities from other jurisdictions finding golf carts within statutory definitions of automobiles.

## CONCLUSION

¶13. The language of the policy is unambiguous. We apply the terms of the policy as written and find that golf carts are recreational vehicles "designed for use principally off public roads" and are thus excluded under the terms of the policy. The trial court acted properly in granting summary judgment. Therefore, the trial court's decision is affirmed.

**¶14. AFFIRMED**.

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, ROBERTS AND SMITH, JJ., CONCUR. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION.**

**McRAE, JUSTICE, DISSENTING:**

¶15. I do not subscribe to the majority's interpretation of the Mississippi Uninsured Motorist Statute. Because Mississippi Farm Bureau's exclusion of coverage of off-road accidents involving golf carts under its uninsured motorist provisions violates the purpose of our uninsured motorist statute and because there was sufficient testimony below to send a question of fact to a jury, I dissent.

¶16. The Mississippi Uninsured Motorist Statute must be liberally construed to afford the greatest coverage and strictly to avoid or preclude exceptions or exemptions from coverage. ***Guardianship of Lacy v. Allstate Ins. Co.***, 649 So. 2d 195, 197 (Miss. 1995). Insurers may not use policy language to diminish coverage mandated by statute; however, they may enhance coverage. ***Id.*** Uninsured motorist coverage is personal to the insured, and wherever the insured is hit by an uninsured motorist, the insured should be entitled to coverage.

¶17. The majority's interpretation of "motor vehicle" as applied to this case is too restrictive because it defeats the remedial purpose of the uninsured motorist statue. The purpose of uninsured motorist legislation is to require some coverage to facilitate indemnification for injuries to a person who is legally entitled to recover damages from an uninsured motorist, thus protecting innocent victims from the negligence of irresponsible drivers. Uninsured motorist statutes like those in Mississippi are remedial in nature and must be broadly construed to accomplish their purpose. The term "uninsured motor vehicle" as it is used in the uninsured motorist statute is intended to include those motor vehicles which should be insured under the Act but are not, and those motor vehicles which, though not subject to compulsory insurance under the Act, are at some time operated on public roads. This

purpose would not be served by interpreting the uninsured motorist statute so as to preclude those accidents occurring on private property that involve motor vehicles sometimes used on public roads.

¶18. Because we are reviewing the propriety of an award of summary judgment, we must look at the issue de novo. In conducting a de novo review, this Court analyzes all affidavits, admissions in pleadings, interrogatory answers, depositions and other matters of record, and considers all such evidence in the light most favorable to the party against whom the motion for summary judgment was made. *Short v. Columbus Rubber and Gasket Co.*, 535 So.2d 61, 63 (Miss. 1988). Witnesses on behalf of Archie Dowdle prepared affidavits to the effect that golf carts were indeed used on the public roads from time to time. As such, a factual question was presented which could only be resolved by the jury. When this happens, summary judgment is not proper.

¶19. Additionally, the majority has chosen to cite and rely upon an unpublished opinion by a federal district judge. If the majority will do this in one of our published opinions, no one should ever complain again about a normal lawyer citing to unpublished opinions within briefs, motions, or other pleadings to this or any other state court.

¶20. Because the majority chooses to ignore these policy considerations, I dissent.